ROY JACK AND ANOTHER v. APPLEBAUM'S FOOD
MARKETS, INC.
ALLIED STORE EQUIPMENT COMPANY AND ANOTHER,
THIRD-PARTY DEFENDANTS.

158 N. W. (2d) 857.

May 10, 1968—No. 40,251.

*Tyrrell, Jardine, Logan & O'Brien* and *Jerre F. Logan,* for appellant.

*Meagher, Geer, Markham & Anderson, Mary Jeanne Coyne,* and *O. C. Adamson II,* for respondent Allied Store Equipment Company.

*Mordaunt, Walstad, Cousineau & McGuire* and *John H. Mordaunt,* for respondent Advance Construction Company.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

Appeal by defendant and third-party plaintiff, Applebaum's Food

Markets, Inc., from a judgment and an order denying its motion for a new trial.

Plaintiff Margaret Jack was injured while shopping at one of Applebaum's St. Paul stores. On December 2, 1961, while she was inspecting some items in a dairy cooler, she stepped into a drain depression which was 1½ inches below the general level of the floor, located in front of a dairy case partially under the toe space of the case and partially exposed. While she was passing by this case, her foot went into the depression and she fell and broke her hip. Her husband, claiming derivative damages, joined in her personal injury action against Applebaum's. Applebaum's joined Advance Construction Company, Katz Plumbing and Heating Company, Inc., and Allied Store Equipment Company as third-party defendants, claiming indemnity. Advance had designed and built the store, Katz had installed the drain under the supervision of Advance, and Allied had furnished the design and plans for arrangement of the equipment and the equipment, and had installed the dairy cooler partially over the drain. The drain and coolers had been installed in 1956, 5 years before the plaintiff fell. The drain was not concealed but could easily be seen. Applebaum's, through its manager and assistant manager, was familiar with the drain, the manager having testified that he had been aware of where the drain was and what it looked like from the time the store opened. Thus, the depression of the drain, which was found to create the hazard that caused plaintiff's injury, had been known to Applebaum's for 5 years. During this time they had done nothing to eliminate the hazard.

Following joint trial of the issues raised by plaintiffs' complaint and Applebaum's third-party complaints, the trial court directed verdicts in favor of all third-party defendants. Although the court did not specify reasons for directing the verdicts, presumably it was because of the determination that as a matter of law Applebaum's was not entitled to indemnity. The jury returned a general verdict for each plaintiff which necessarily required a finding that the drain depression constituted a hazard in the sense that the floor was not reasonably safe for a business visitor. Applebaum's subsequently settled for the sum of $12,000 and obtained releases from plaintiffs. Applebaum's post-trial motion for a

new trial against the third-party defendants was denied, and this appeal followed.

The sole issue raised on appeal is whether the trial court correctly determined that Applebaum's was not entitled to indemnity from either Advance or Allied as a matter of law. (The claim against Katz has been abandoned on this appeal.)

The jury found that the drain depression was a condition which Applebaum's knew or should have realized was a hazard involving an unreasonable risk of harm to a business visitor. It is clear that where one in the possession of property is held liable for an injury received due to a hazard upon it he may recover indemnity from the one who created the hazard. Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 104 N. W. (2d) 843; Fidelity & Cas. Co. v. Northwestern Tel. Exch. Co. 140 Minn. 229, 167 N. W. 800; Prosser, Torts (3 ed.) § 48. In spite of this rule, we are persuaded that under the facts of the present case Applebaum's is not entitled to recover indemnity as a matter of law.

Restatement, Restitution, § 95, prohibits recovery in a situation like the present case where the party seeking indemnity has known of the condition creating the hazard and has acquiesced in its continuance. The reasons for applying such a rule in the present case are: (1) Applebaum's, unlike Allied and Advance, in addition to knowing of the drain depression, was in possession of the store and could have taken steps within the last 5 years to eliminate the hazard; and (2) Applebaum's had a continuing duty to provide a reasonably safe floor for its customers. To allow the hazard to exist for such a long period of time in a busy supermarket is at least equally, if not more, culpable than any negligence of those who created the hazard. Under Thill v. Modern Erecting Co. 272 Minn. 217, 136 N. W. (2d) 677, where the party seeking indemnity is equally, if not more, negligent, indemnity will not lie.

Upon the question raised it must be taken as established that the 1½-inch depression, the condition which caused plaintiff's injury, was open and obvious and its existence known to Applebaum's for a 5-year period; and that during that time no steps were taken to eliminate the condition, which the jury found Applebaum's should have realized created an unreasonable risk to customers. Having known of and having ac-

quiesced in its continuance for this length of time,[1] Applebaum's may not now seek indemnity from those who originally created the hazard. Such acquiescence or neglect becomes the proximate cause of the injury, Goar v. Village of Stephen, 157 Minn. 228, 196 N. W. 171, and is unlike the mere negligent failure to discover a concealed hazard as in Fidelity & Cas. Co. v. Northwestern Tel. Exch. Co. *supra.*

The evidence is too speculative and therefore provides no evidentiary support for Applebaum's argument that indemnity should be allowed upon the theory of breach of contract or warranty.

Affirmed.

---

[1] In 1965 the legislature enacted Minn. St. 541.051, a statute of limitations which terminated indemnity rights in situations like the present one unless an action seeking indemnity is brought within 2 years after the hazard is discovered.