Jack M. CALDER, et al., Plaintiffs,

v.

CITY OF CRYSTAL, defendant and third-party plaintiff, Appellant,

Richard E. Hipp, individually and d/b/a Hipp Construction Co., Hipp's Construction Co., and Northern Contracting Co., Third Party Defendants,

William D. Schoell, individually and d/b/a Caswell and Schoell, third-party defendants, Respondents.

No. 81–38.

Supreme Court of Minnesota.

April 23, 1982.

Cousineau, McGuire, Shaughnessy & Anderson, Henry A. Cousineau, Jr., and Barbara A. Burke, Minneapolis, for defendant and third-party plaintiff, appellant.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan and J. Richard Bland, Minneapolis, for Schoell.

YETKA, Justice.

This is an appeal from the grant of third-party defendant Schoell's motion for summary judgment. This motion was based on the ground that the City of Crystal's cause of action against Schoell for contribution or indemnification was barred by Minn.Stat. § 541.051 (1980). Only the City of Crystal and Schoell are parties to this appeal; the other third-party defendants, Hipp and Northern, have agreed to abide by the determination. The original matter is currently pending in district court.

Appellant, City of Crystal, contends that Minn.Stat. § 541.051 (1980) does not apply to the city's cause of action against the third-party defendants or, if it does apply, that the statute is unconstitutional as a denial of equal protection and a denial of due process. The Attorney General has been notified pursuant to Rule 144 of the Minnesota Rules of Civil Appellate Procedure and has declined to intervene. We affirm.

Plaintiffs, all residents of defendant City of Crystal, brought this action in June 1979 in Hennepin County District Court to recover for property damage to their homes of approximately $351,200 allegedly sustained during heavy rainfalls in June and July of 1978. Plaintiffs claimed the city's negligent design, installation, and maintenance of the water drainage system was the proximate cause of the damage.

Approximately 15 months after the initiation of that lawsuit, the city impleaded, with the district court's permission, the designers and installers of the drainage system. The city alleged that it was entitled to indemnification or contribution for any sums it might be required to pay plaintiffs. The city served the third-party summons and complaint upon Northern in August 1980, upon Schoell in September 1980, and upon Hipp in December 1980.

Hipp was the general contractor of the water drainage system located in the area of Hampshire Avenue North and 36th Avenue North in Crystal, Minnesota. He subcontracted the design of the system to Schoell and the construction of the system to Northern. Affidavits from each of the third-party defendants verify that the design and installation of the system was substantially completed by April 29, 1958.

Schoell moved for summary judgment, arguing that because more than 22 years had elapsed since substantial completion of the water drainage system, the City of Crystal's claim for contribution or indemnification was barred by Minn.Stat. § 541.051 (1980). The Hennepin County District Court granted Schoell's motion on October 24, 1980, without accompanying memorandum and entered judgment on November 3, 1980. This appeal followed.

A brief summary of the history of section 541.051 is helpful in reviewing the significance of various dates in this case. The Minnesota Legislature first enacted the statute in 1965. Act of May 21, 1965, ch. 564, § 1, 1965 Minn.Laws 803. In 1977, this court held Minn.Stat. § 541.051 (1965) unconstitutional because it granted immunity from suit to a certain class of defendants without a reasonable basis for the classification. *Pacific Indemnity Co. v. Thompson-Yaeger, Inc.*, 260 N.W.2d 548 (Minn.1977). In 1980, the legislature amended section 541.051, seeking to cure the constitutional defects. Act of April 7, 1980, ch. 518, §§ 2–4, 1980 Minn.Laws 595–96. This amended version became effective August 1, 1980. Minn.Stat. § 645.02 (1980).

The following time line is provided for assistance:

| | |
|---|---|
| April 29, 1958 | Design and construction of the water drainage system was substantially completed |
| 1965 | Section 541.051 first enacted |
| 1977 | Section 541.051 declared unconstitutional |
| June & July 1978 | Damage sustained during heavy rainfall |

| June 1979 | Plaintiffs file suit against the City of Crystal |
| April 7, 1980 | Section 541.051 amended by legislature |
| August 1, 1980 | Re-enacted section 541.051 becomes effective |
| September 1980 | Third-party complaint served upon Schoell |

The issues on appeal are:

1. Does Minn.Stat. § 541.051 (1980) apply to the City of Crystal's cause of action against Schoell?

2. If Minn.Stat. § 541.051 (1980) does apply to the City of Crystal's cause of action against Schoell, is the statute unconstitutional as a denial of equal protection or a denial of due process of law?

1. *The Retroactive Application Argument*

■ Minn.Stat. § 541.051 (1980) provides:

Subdivision 1. Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of the injury, shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery thereof, nor, in any

event shall such a cause of action accrue more than 15 years after substantial completion of the construction. Date of substantial completion shall be determined by the date when construction is sufficiently completed so that the owner or his representative can occupy or use the improvement for the intended purpose.

Nothing in this section shall apply to actions for damages resulting from negligence in the maintenance, operation or inspection of the real property improvement against the owner or other person in possession.

Subd. 2. Notwithstanding the provisions of subdivision 1, in the case of an action which accrues during the 14th or 15th year after substantial completion of the construction, an action to recover damages may be brought within two years after the date on which the action accrued, but in no event may an action be brought more than 17 years after substantial completion of the construction.

Subd. 3. Nothing in this section shall be construed as extending the period prescribed by the laws of this state for the bringing of any action.

Subd. 4. This section shall not apply to actions based on breach of the statutory warranties set forth in section 327A.02, or to actions based on breach of an express written warranty, provided such actions shall be brought within two years of the discovery of the breach.

The city's position is that when the events giving rise to this lawsuit occurred in June and July of 1978, the city had an inchoate right to contribution or indemnity. It argues that the application of section 541.051, which became effective on August 1, 1980, to its cause of action would give the statute retroactive application,[1] contrary to Minn.Stat. § 645.21 (1980).[2] The keystone

---

1. Respondent contends that this issue was not raised in the lower court and thus should not be allowed to be raised for the first time on appeal. *See Fingerhut Products Co. v. Comm'r of Revenue*, 258 N.W.2d 606 (Minn.1977). While a review of appellant's memorandum of law submitted in opposition to the motion for summary judgment reveals that the issue was not raised there, attorney for appellant has

submitted in appellant's reply brief her affidavit that she did raise the issue orally at the hearing on the summary judgment motion. No transcript of the hearing is available, however.

2. Minn.Stat. § 645.21 (1980) provides: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature."

to the city's argument is its claim that it had acquired a cause of action prior to the effective date of Minn.Stat. § 541.051 (1980).

In *Grothe v. Shaffer*, 305 Minn. 17, 232 N.W.2d 227 (1975), this court was called upon to determine at what point a cause of action for contribution accrues and the statute of limitations begins to run. After rejecting the argument that a cause of action for contribution accrues when the original action is commenced, we noted:

> A claim for contribution does not accrue or mature until the person entitled to the contribution has sustained damage by paying more than his fair share of the joint obligation. *Gustafson v. Johnson*, 235 Minn. 358, 51 N.W.2d 108 (1952). Thus, the statute of limitations does not begin to run on the claim of one joint tortfeasor for contribution from another joint tortfeasor until one of the joint tortfeasors had paid more than his fair share of the damage. *State Farm Mutual Auto. Ins. Co. v. Schara*, 56 Wis.2d 262, 201 N.W.2d 758, 57 A.L.R.3d 922 (1972).

*Id.* at 23–24, 232 N.W.2d at 232. Indicating that this was also the conclusion reached by virtually every jurisdiction that has considered the question,[3] we then applied these basic rules to a third-party complaint situation and concluded:

> The third-party claim is thus contingent on the outcome of the original action and upon the payment by one joint tortfeasor of more than his fair share of the common obligation. 1 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 508. When a right is dependent on a contingency, the cause of action accrues and the statute begins to run on the date of the happening of the contingency. *Bachertz v. Hayes-Lucas Lumber Co.*, 201 Minn. 171, 275 N.W. 694 (1937). An action for contribution remains contingent until that time when the obligation of one joint tortfeasor is fixed, and that does not occur until the joint tortfeasor has paid more than his fair share of the damage. *Id.* at 25–26, 232 N.W.2d at 233.

Similarly, a claim for indemnity does not arise generally at the time of the injury, but upon a showing that liability has been incurred. *Altermatt v. Arlan's Department Stores*, 284 Minn. 537, 169 N.W.2d 231 (1969).

The city correctly concedes that a claim for contribution or indemnity is one which "generally is not considered to have accrued until payment is made." The city maintains, however, that *Cooper v. Watson*, 290 Minn. 362, 187 N.W.2d 689 (1971), permits the court to ignore whether an indemnity or contribution claim is liquidated when it considers if a statute has retroactive application.

*Cooper* involved an automobile accident in which the plaintiff-employee was injured by a vehicle owned by defendant. Plaintiff sued defendant, who in turn instituted suit against the employer, seeking indemnity. The employer moved for summary judgment on the ground that the claim against him was barred by Minn.Stat. § 176.061, subd. 10 (1970), a workers' compensation statute requiring a written agreement between an employer and a third person before the third person could recover indemnity from the employer.[4] This motion was granted pursuant to the statute, despite the fact that the statute was not in effect at the time of the accident.

In reversing the lower court, we said:

> Since the protection of a written instrument, as required under subd. 10 on or after its effective date, cannot be provided in the case of antecedent transactions, it is impossible for subd. 10 to be applied to antecedent injuries on an equal basis with injuries occurring after the effective date of the provision. Therefore, since its protections as well as its disabilities cannot be applied to antecedent injury situations, subd. 10 must be

---

**3.** *See* at 305 Minn. at 24, n. 3, 232 N.W.2d at 232, n. 3 and cases cited therein.

**4.** Minn.Stat. § 176.061, subd. 10 (1970) was subsequently declared unconstitutional. *Carlson v. Smogard*, 298 Minn. 362, 215 N.W.2d 615 (1974).

construed to concern only claims for indemnity arising from injuries occurring on or after September 1, 1969.

*Id.* at 370, 187 N.W.2d at 693–94. This interpretation avoided the question of whether the cause of action for indemnity had accrued by the statute's effective date. The focus was on the date of the injury, not as to the time when the cause of action for indemnity accrued, but as a means of dividing those indemnity causes of action which were covered by the statute from those which were not.

The recent case of *Hunter v. School District of Gale-Ettrick-Trempealeau,* 97 Wis.2d 435, 293 N.W.2d 515 (1980), is strikingly similar to the instant fact situation. Although plaintiff was injured before the effective date of Wis.Stat. § 893.155 (1980), Wisconsin's equivalent of Minn.Stat. § 541.-051 (1980), her complaint against the school district and the builder and the school district's cross-claim against the builder were filed after the statute's effective date.

The Wisconsin court, after determining that Wis.Stat. § 893.155 (1980) did not bar plaintiff's claim for damages because her cause of action for negligence accrued at the date of her injury, addressed the issue of the appropriateness of the application of section 893.155 to the school district's cross-claim. The court acknowledged that the claim for indemnification or contribution was a separate and independent cause of action which did not accrue at the date of plaintiff's injury. Nevertheless, the court concluded: "[T]he statute only applies to injuries suffered on or after its effective date and thus only to the claims for contribution or indemnification based on those injuries * * *." *Id.* at 439, 293 N.W.2d at 521.

The interpretation of the Wisconsin court cannot be extended to the instant fact situation, however, because the language of Minn.Stat. § 541.051 (1980) is significantly dissimilar to that used in Wis.Stat. § 893.-155 (1980) in at least one important aspect. Unlike the Wisconsin statute, the time provisions of Minn.Stat. § 541.051 (1980) provide that "nor, in any event shall such *a cause of action accrue* more than 15 years after substantial completion of the construction." Minn.Stat. § 541.051, subd. 1 (1980) (emphasis added). Because, as the Wisconsin court in *Hunter* also acknowledged, a cause of action for contribution or indemnity can *accrue* at a time different than that of the related injury, the plain wording of our statute prevents us from adopting the *Hunter* approach. Minn.Stat. § 541.051, subd. 2 (1980).

The city complains that the imposition of Minn.Stat. § 541.051 (1980) to bar its claim for contribution or indemnification is unfair. This cry appears a bit hollow when we consider that the city had nearly 14 months to file its third-party complaint before the statute became effective, yet failed to do so. In fact, it took appellant 18 months finally to serve Hipp.

### 2. The Equal Protection Argument

In 1977, the earlier version of section 541.051 was declared unconstitutional on equal protection grounds. *Pacific Indemnity Co. v. Thompson-Yaeger, Inc.,* 260 N.W.2d 548 (Minn.1977). After a thorough review of the decisions throughout the country that had faced the issue of the constitutionality of this type of statute, this court concluded:

> We find the discussions in *Skinner v. Anderson, supra, Fujioka v. Kam, supra,* and *Kallas Millwork Corp. v. Square D Co., supra,* particularly thorough on this point and do not feel compelled to elaborate further, except to state that we too can see no basis for including within the protection of the statute persons who construct or design improvements to real estate, and excluding other persons against whom third parties might bring claims should they incur injury, such as owners and material suppliers.

*Id.* at 555. The 1965 enacted version to which the court was referring read in part as follows:

> Subdivision 1. Except where fraud is involved, no action * * * shall be brought against any person performing or furnishing the design, planning, supervision, or observation of construction or con-

struction of such improvement to real property more than two years after discovery thereof, nor, in any event more than ten years after the completion of such construction. This limitation shall not be applied in favor of any person in actual possession and control as owner, tenant, or otherwise, of the improvement at the time the defective and unsafe conditions of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action.

The 1980 Minnesota Legislature amended section 541.051 to cure the constitutional infirmities noted in *Pacific Indemnity*. The amended version of the statute, which is the central element in this appeal, now reads in part:

> Subdivision 1. Except where fraud is involved, no action * * * shall be brought against any person performing or furnishing the design, planning, supervision, *materials*, or observation of construction or construction of the improvement to real property or against *the owner* of the real property more than two years after discovery thereof, nor, in any event shall such a cause of action accrue more than 15 years after substantial completion of the construction.

Minn.Stat. § 541.051, subd. 1 (1980) (emphasis added). The statute as amended thus added into its coverage those individuals whom we noted in *Pacific Indemnity* had been improperly excluded. It also eliminated the prohibition against favored status of "any person in actual possession and control as owner, tenant, or otherwise."

The city argues that the 1980 amendments failed to cure the constitutional defects that were present in the 1965 version. The city's contention is that the statute still grants protection to a certain class of de-

fendants while excluding another class of defendants against whom third parties might bring claims should they be injured. The city lists as examples of those who are similarly situated, but excluded from protection, tenants or others in possession, construction laborers, or manufacturers of component parts.

Schoell does not contend that the original decision in *Pacific Indemnity* was incorrect and should now be reversed. Rather, Schoell urges that the inclusion of owners and material suppliers in the protected class has remedied the constitutional infirmities found in *Pacific Indemnity*. It is therefore not necessary to review the decisions of those courts which have ruled on the constitutionality of statutes similar to section 541.051.

■ We believe that our legislature did close the door to objection to the statute on equal protection grounds. With regard to the examples pointed out by the city, "construction workers" are clearly within the statute's coverage as "any person performing * * * [the] construction of the improvement * * *." Minn.Stat. § 541.051, subd. 1 (1980). Likewise, a "manufacturer of component parts" falls within the statute's coverage as a supplier of materials used in construction of the improvement.[5] Moreover, the language, as drafted, can be interpreted to bring into the orbit of protected persons, tenants, and other persons in possession, as well as engineers and surveyors. We cannot expect the drafters to spell out specifically every protected class as long as their intent is clear.

### 3. The Due Process Question

■ The city urges that Minn.Stat. § 541.051 (1980) contravenes Minn.Const. art. 1, § 8,[6] as well as the due process

---

**5.** At least one commentator has suggested that a manufacturer of component parts should be viewed as being outside the statute's coverage because he "is usually engaged in a repetitive process, accomplished at his premises, and thus has a better opportunity to discover and correct defects in his manufacturing process" while the other protected parties' experience with the improvement is only temporary and fragmentary. Rogers, *The Constitutionality of Alabama's Statute of Limitation for Construc-*

*tion Litigation: The Legislature Tries Again*, 11 Cum.-Sam.L.R. 1, 21 (1980).

**6.** That constitutional provision declares: "Redress of injuries or wrongs. Every person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive to his person, property or character, and to obtain justice freely and without purchase, completely and without denial, promptly and without delay, conformable to the laws."

clause of the Fifth and Fourteenth Amendments of the United States Constitution because the statute abrogates a common law right of action without providing a reasonable substitute. In *Tri-State Insurance Co. of Minn. v. Bouma*, 306 N.W.2d 564 (Minn.1981), this argument was recently presented to this court with regard to Minn. Stat. § 176.179 (1980). There we held:

> In other cases, we have recognized that the legislature could constitutionally abrogate a common-law right without providing a reasonable substitute if it is pursuing a permissible, legitimate legislative objective. *See Tracy v. Streater/Litton Industries*, 283 N.W.2d 909 (Minn.1979); *Haney v. International Harvester Co.*, 294 Minn. 375, 201 N.W.2d 140 (1972).

*Id.* at 566.

We do not believe the legislature can pass a statute allowing a substantive remedy and yet, by adopting a procedural statute of limitations, make the remedy impossible to achieve and meaningless by barring the suit from being brought before it has matured. Our decisions have held that a cause of action for contribution accrues when the person entitled to the contribution has sustained damage by paying more than his fair share of the joint obligation. *See, e.g., Grothe v. Shaffer*, 305 Minn. 17, 232 N.W.2d 227 (1975). We have held that a statute of limitations in a dram shop case cannot bar a related suit for contribution. *Wegan v. Village of Lexington*, 309 N.W.2d 273 (Minn. 1981). *See Hammerschmidt v. Moore*, 274 N.W.2d 79 (Minn.1978).

If the city were barred by the statute of limitations from having a reasonable time to join third parties for contribution or indemnity, the statute would not fulfill due process requirements under our constitution. We are not required, in deciding this case, to indicate what such a reasonable time limitation should be, but a statute which does not allow any time whatever is clearly unconstitutional. *See Wichelman v. Messner*, 250 Minn. 88, 108, 83 N.W.2d 800, 817 (1957). However, in this case, the city was aware of the injury long before it was sued. It had 14 months after being sued in which to join these third parties. While it is true that the city's claim against the third parties would not vest or mature until its liability was determined, defendants customarily have joined third parties at the time they were initially sued. Our Rules of Civil Procedure anticipate and encourage the joining of third parties at an early stage in the proceedings. Minn.R.Civ.P. 14.01.

Even though Minn.Stat. § 541.051 (1965) had been declared unconstitutional in 1977 and the current Minn.Stat. § 541.051 (1980) was not effective at the time suit was brought against the city, the city had until August 1, 1980, to join the third parties and yet failed to do so. Thus, it cannot be said that the city was denied an effective remedy by a procedural statute. Therefore, we affirm the order for summary judgment against the city.

KELLEY, J., took no part in the consideration or decision of this matter.