**Glenn BULAU, et al., Respondents,**

v.

**HECTOR PLUMBING AND HEATING COMPANY, Defendant and Third Party Plaintiff, Respondent,**

v.

**20TH CENTURY BUILDING CENTER, INC., Third Party Defendant, Appellant,**

**Marvin Degner, d.b.a. Degner Construction, Third Party Defendant.**

No. C4–85–2000.

Court of Appeals of Minnesota.

May 27, 1986.

Review Granted Aug. 13, 1986.

David F. Herr, Jeffrey W. Stempel, Maslon, Edelman, Borman & Brand, Minneapolis, for Glenn Bulau, et al.

Lee L. LaBore, Hopkins, for Hector Plumbing and Heating Co.

David C. Moody, William W. Thompson, Schmidt, Thompson, Thompson & Johnson, Willmar, for 20th Century Building Center, Inc.

Heard, considered and decided by the court en banc, consisting of POPOVICH, C.J., and PARKER, WOZNIAK, HUSPENI, FORSBERG, LESLIE and NIERENGARTEN, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal by 20th Century Building Center, a general contractor, from a judgment requiring it to pay, as contribution, a percentage of the judgment recovered against its subcontractor, respondent Hector Plumbing. The trial court ruled that the contribution claim was not barred by the statute of limitations. Respondent seeks review of an award of prejudgment interest. We affirm.

## FACTS

Plaintiffs Glenn and Janet Bulau contracted with appellant 20th Century Building Center to construct a house. 20th Century subcontracted the electrical, plumbing and heating work to Hector Plumbing and Heating [Hector]. The house was substantially completed on February 18, 1981, and the Bulaus moved in. A year later, on February 19, 1982, the house caught fire, causing significant damage to a part of the structure.

Lowell Grimm, Hector's owner, was notified of the fire and went to the house on the same day it occurred. Don Ploeger, president of 20th Century, also visited the site on the day of the fire.

The fire began in the area in which Hector had installed a fireplace. When deposed, Grimm admitted his immediate conclusion was that the fire was caused by the failure to place fire-retardant materials around the chimney installed for the fireplace.

The Bulaus sued Hector on August 15, 1983, for negligent design and construction, strict liability, and breach of warranties, both express and implied. The trial court later dismissed the strict liability and breach of warranty claims.

On August 3, 1984, Hector brought a third-party action for contribution against appellant 20th Century as well as Marvin Degner, the subcontractor who had installed the brickwork around the fireplace. Appellant pleaded as an affirmative defense the two-year statute of limitations applicable to actions arising from improvements to real property. Minn.Stat. § 541.051, subd. 1 (1984). Appellant then brought a motion to dismiss, claiming the statute had begun to run on the contribution claim at the time of the fire, and the action was therefore barred.

After the third-party action was commenced, the Bulaus sought to amend their complaint by adding 20th Century as a defendant.

The trial court denied the Bulaus' motion to add 20th Century as a defendant, ruling that the two-year statute of limitations had run on their cause of action. Minn.Stat. § 541.051, subd. 1. The court did not dismiss the third-party action, however, ruling that the cause of action for contribution does not accrue until damages have been assessed against the party seeking contribution.

Prior to trial, the parties stipulated that damages were $34,100. Hector Plumbing made an oral offer to settle for $12,000, and the Bulaus made a counter-offer of $32,000. The jury returned a special verdict finding the Bulaus and third-party defendant Degner not negligent, and apportioning negligence 60% to Hector Plumbing and 40% to 20th Century.

The trial court ordered the taxation of costs, disbursements and prejudgment interest. By supplemental order, it directed

appellant 20th Century to pay to Hector Plumbing, as contribution, 40% of any payments made to the Bulaus on the judgment.

## ISSUES

1. Did the trial court err in ordering appellant 20th Century to pay part of the judgment as contribution?

2. Did the court err in awarding prejudgment interest?

## ANALYSIS

*1. Contribution and the statute of limitations*

■ The statute of limitations for actions involving improvements to real property reads, in part, as follows:

Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, *nor any action for contribution or indemnity for damages sustained on account of the injury,* shall be brought against any person performing or furnishing the design * * * or construction of the improvement to real property * * * more than two years after discovery thereof, nor, in any event shall such a cause of action accrue more than 15 years after substantial completion of the construction.

Minn.Stat. § 541.051, subd. 1 (1984) (emphasis added).

Appellant contends that the plain language of the statute bars actions for contribution brought more than two years after the discovery of "the defective and unsafe condition." *Id.* Plaintiffs and respondent maintain that the statute cannot be read to run from the discovery of the defect, since an action for contribution does not accrue until one of the tortfeasors is obliged to pay more than its fair share of plaintiff's damages. *See Grothe v. Shaffer,* 305 Minn. 17, 232 N.W.2d 227 (1975).

The supreme court has reiterated the general rule of *Grothe v. Shaffer* in discussing the statute of limitations at issue here:

Thus, the statute of limitations does not begin to run on the claim of one joint tortfeasor for contribution from another joint tortfeasor until one of the joint tortfeasors had paid more than his fair share of the damage.

*Calder v. City of Crystal,* 318 N.W.2d 838, 841 (Minn.1982) (quoting *Grothe v. Shaffer,* 305 Minn. 17, 24, 232 N.W.2d 227, 232 (1975)).

This discussion in *Calder,* however, related to retroactive application of the statute. The court, therefore, was not asked to decide when the two-year limitations period begins to run on a contribution action. Moreover, the limitations period argued in *Calder* was the 15-year period from "substantial completion of the construction." Minn.Stat. § 541.051, subd. 1 (1984); *see Calder,* 318 N.W.2d at 839.

The statute makes the two-year limitations period run from the "discovery" of an event or condition. There are several events or conditions mentioned, however, and this reference is ambiguous. The statute mentions not only the "injury," but also the "defective and unsafe condition," which may be discovered, as well as the "action" for contribution or indemnity. It is also arguable that the triggering event is "damages sustained" which would appear to be the position of the trial court. Since the statute is ambiguous, we must ascertain the probable legislative intent behind it and construe the statute accordingly. *Beck v. City of St. Paul,* 304 Minn. 438, 231 N.W.2d 919 (1975).

Statutes of limitation generally are intended for the repose of the defendant, the prevention of stale claims, and the fair and effective administration of justice. Minn. Stat. § 541.051 in particular affords an earlier repose to contractors who otherwise face indeterminate prospects of liability on long-completed projects. It was enacted in response to the erosion of the privity-of-contract doctrine as a shelter to architects

and builders from liability to third parties. *Kittson County v. Wells, Denbrook & Associates, Inc.*, 308 Minn. 237, 242, 241 N.W.2d 799, 802 (1976). If the statute cuts off contribution claims from discovery of the defect, however, it only shelters some contractors or architects at the expense of others. Even this degree of repose, moreover, is dependent on the actions of the party claiming injury.

In the ordinary case, discovery of the defect, or of resulting injury, is within the control of the plaintiff, such as the homeowners here. The actions of the plaintiff then, who has two years to bring an action, may effectively determine whether a contribution claim can be brought, since the dilatory plaintiff may leave little or no time for a contribution action to be brought.

The supreme court has noted the inequity of a similar effect in the Civil Damage Act. In *Hammerschmidt v. Moore*, 274 N.W.2d 79 (Minn.1978), it held that the 120-day notice requirement in the dram shop law did not apply to third-party actions. The court stated:

> [I]t would be patently inequitable to allow an injured plaintiff to select arbitrarily, whether intentionally or inadvertently, which of several tortfeasors should be burdened with the entire obligation for a wrongful act by delaying notice until there is little, if any, time to seek out joint tortfeasors. Such a plaintiff could eliminate the right of contribution before the primary claim is asserted or the contribution claim is known. The rights of the contribution claimant would be "dependent on the whim of the injured person." [citation omitted]

*Id.* at 83. Although the time limitation here is not as short, the same reasoning applies.

The 15-year statute of limitations in M.S.A. § 541.051 involved in *Calder* has a different purpose than the two-year period at issue here. Nevertheless, the due process concerns expressed there are applicable here:

> If the city were barred by the statute of limitations from having a reasonable time to join third parties for contribution or indemnity, the statute would not fulfill due process requirements under our constitution. We are not required, in deciding this case, to indicate what such a reasonable time limitation should be, but a statute which does not allow any time whatever is clearly unconstitutional. *See Wichelman v. Messner*, 250 Minn. 88, 108, 83 N.W.2d 800, 817 (1957).

*Calder*, 318 N.W.2d at 844.

The 15-year statute of limitations cuts off the claim of a plaintiff or third-party claimant regardless of when the claim or injury is "discovered." Minn.Stat. § 541.051, subd. 1. Such a provision is purely a statute of repose. *See Jewson v. Mayo Clinic*, 691 F.2d 405, 411 (8th Cir.1982) (limitation on medical malpractice action to two years after termination of treatment). Such a statute is a departure from the general rule that a party cannot be compelled to resort to legal proceedings before discovering its claim or injury, *Konantz v. Stein*, 283 Minn. 33, 167 N.W.2d 1 (1969); nevertheless, it may satisfy due process standards if the absolute repose it furnishes is justified by public policy. *Jewson*, 691 F.2d at 411–12 (e.g., unavailability of witnesses).

In *Calder*, the court was concerned with the fairness of the retroactive application of this statute of repose, not with the fairness of the absolute repose itself. The two-year period involved here, however, is not a statute of repose, but a limitations period running from discovery of the claim or injury, whether that of the plaintiff, a cross-claimant or a third-party plaintiff. It does not purport to bar a claim before it accrues. If interpreted as appellant suggests, it is subject to due process objections whenever the plaintiff's delay significantly shortens the third party's time to sue. It may bar all cross and third-party claims if plaintiff waits until the last day of the second year to bring an action.

■ An interpretation that the two-year statute of limitations runs from the date of discovery of the "action," or when the par-

ty seeking contribution was sued, provides both a reasonable and a definable period in which a third-party action can be brought while at the same time avoiding due process problems. Although this is a departure from the general rule that a contribution claim accrues when payment is made to the plaintiff under *Grothe v. Shaffer*, the legislature plainly intended to alter that rule to this extent. This is not a radical departure in view of procedural rules favoring joining third parties at an early stage in the action. Minn.R.Civ. P. 14.01; *see Calder*, 318 N.W.2d at 844.

### 2. Prejudgment interest

■ The trial court awarded the Bulaus prejudgment interest at the rate of 9% from July 1, 1984, until the entry of judgment. The legislature, effective that date, amended Minn.Stat. § 549.09, subd. 1 to allow for prejudgment interest to the commencement of the action in most cases. Laws 1984, ch. 399 § 2, ch. 472, § 2.

Hector Plumbing contends that the trial court erred in awarding prejudgment interest because it made a pre-trial offer of settlement which was closer to the jury's verdict than the Bulaus' counter-offer.

Parties whose negligence concurs to cause a single injury are jointly and severally liable for the entire amount of damages. *Mathews v. Mills*, 288 Minn. 16, 21–22, 178 N.W.2d 841, 844 (1970). Since the jury found damages of $34,100, and judgment was entered against Hector in this amount, its offer was not closer to the judgment, and prejudgment interest was properly awarded.

### DECISION

The trial court did not err in requiring appellant to pay contribution, or in ordering respondent to pay prejudgment interest.

Affirmed.

NIERENGARTEN, J., concurs specially.

POPOVICH, C.J., and LESLIE, J., dissents.

NIERENGARTEN, Judge, concurring specially.

I concur. Contribution is sequential. Before one can sue for contribution, one must be sued; two separate acts that require a sequence of time. Therefore, it is highly illogical that the legislature intended the sequential contribution time to run at the same time as the initial claim. The only time enunciated in the statute is 2 years. Logically, this can only be interpreted to mean 2 years to bring the suit, and then 2 more years in which to seek contribution.

LESLIE, Judge (dissenting).

I respectfully dissent from Part I. Minn. Stat. § 541.051, subd. 1, enacted in 1965, provides that "no action by any person in * * * tort * * * to recover damages for any injury to property * * * arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of the injury, shall be brought against any person performing or furnishing the design * * * or construction of the improvement to real property * * * more than two years after discovery thereof * * *." Thus, the plain language of the statute bars this action for contribution because it was brought more than two years after discovery of the "defective and unsafe condition of an improvement to real property."

The majority gives a tortured interpretation to the statute by reading the phrase "discovery thereof" to refer to the action for contribution. Although not directly addressing this issue, the Minnesota appellate courts and the Eighth Circuit have indicated that an action for contribution or indemnity must be commenced within two years after discovery of the "defect" or "hazard." *See Jack v. Applebaum's Food Markets, Inc.*, 280 Minn. 247, 250, 158 N.W.2d 857, 859 n. 1 (1968); *Bethesda Lutheran Church v. Twin City Construction Co.*, 356 N.W.2d 344, 352 (Minn.Ct.App. 1984); *Continental Grain Co. v. Fegles*

*Construction Co., Inc.,* 480 F.2d 793, 797 (8th Cir.1973). There is no support in case law for the majority's position; rather, the majority is writing legislation, which is clearly not this court's function. Furthermore, although the need for certainty in this area is obvious, the majority fails to explain *when* a third-party action is "discovered," which will only invite further litigation.

I do not advocate, however, the application of the statute to a case in which a plaintiff failed to commence a cause of action until shortly before the statute expired. I agree with the statement made by Justice Yetka in *Calder v. City of Crystal,* 318 N.W.2d 838, 844 (Minn.1982), that the statute would not satisfy due process requirements if a third-party defendant were barred from having a "reasonable time" to join third parties for contribution or indemnity. Minn.R.Civ.P. 14.01 encourages the joining of third parties at an early stage of the proceeding by requiring written consent of all parties or leave of the court if not joined within ninety days of the service of summons on the defendant. In addition, the supreme court has noted that defendants customarily join third parties at the inception of the suit. *Calder,* 318 N.W.2d at 844.

As in *Calder,* and contrary to the majority opinion, there is no due process issue here. The plaintiffs commenced their action against Hector Plumbing within eighteen months of the date of the fire. Hector Plumbing thus had six months in which to commence its third-party action against 20th Century. Although Hector Plumbing knew of the injury long before it was sued, it waited until one year after plaintiffs commenced the action before attempting to assert a claim against 20th Century. This delay resulted in a hardship for 20th Century because it was forced to prepare for trial within seven weeks concerning a defect discovered more than three years earlier. Because Hector Plumbing had a reasonable time in which to bring an action for contribution and yet failed to do so within two years of the discovery of the "defective and unsafe condition of an improve-ment to real property," Minn.Stat. § 541.-051, subd. 1 bars its claim.

POPOVICH, Chief Judge (dissenting).

I join in the dissent of Judge Leslie.