**Thomas OCEL, et al., Respondents,**

v.

**CITY OF EAGAN, Defendant and Third Party Plaintiff, Appellant,**

v.

**GABBERT DEVELOPMENT, INC., Bonestroo, Rosene, Anderlik and Associates, Inc., Schimek Construction, Inc., Third Party Defendants, Respondents.**

**No. C6–86–369.**

Court of Appeals of Minnesota.

July 22, 1986.

Review Granted Sept. 24, 1986.

Ronald H. Swanson, Bush & Swanson, Minneapolis, for Thomas Ocel, et al.

Don C. Day, Joseph M. Stocco & Assoc., Minneapolis, for City of Eagan.

Paul G. Neimann, Moss & Barnett, Minneapolis, for Gabbert Development, Inc.

David B. Sand, Briggs and Morgan, Minneapolis, for Bonestroo, Rosene, Anderlik and Associates, Inc.

Mark A. Fonken, Lawrence M. Rocheford, Jardine, Logan & O'Brien, St. Paul, for Schimek Construction, Inc.

Considered and decided by RANDALL, P.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## MEMORANDUM OPINION

LANSING, Judge.

The City of Eagan appeals from a summary judgment which determined that its third-party action against the designers and builders of a storm sewer was barred by the applicable statute of limitations. We reverse and remand.

### FACTS

Thomas and Linda Ocel commenced an action against the City of Eagan on June 20, 1979, alleging the city negligently constructed a storm sewer which discharges runoff surface water onto their property. Between May 14 and June 1, 1981, the city commenced a third-party action against Gabbert Development; Bonestroo, Rosene, Anderlik and Associates; and Schimek Construction, seeking contribution and indemnity arising from the work these parties performed in designing and constructing the sewer system.

The third-party defendants moved for summary judgment on the grounds that Minn.Stat. § 541.051 (1984) barred the third-party action. The trial court granted the motion, and a judgment dismissing the third-party complaint was entered in October 1985. This order and judgment, however, only dismissed the city's claim against the third-party defendants and did not adjudicate all the claims and liabilities of all the parties to the action.

The city moved to amend the judgment to include, pursuant to Minn.R.Civ.P. 54.02, a determination that there was no just reason to delay entry of final judgment. That motion was granted and a final judgment was entered in January 1986. The city appeals.

## ANALYSIS

Minn.Stat. § 541.051, subd. 1, provides for a two-year limitation period in which to commence actions seeking contribution or indemnity for damages or liability arising out of the defective condition of an improvement to real property. The city's claims for contribution or indemnity are governed by § 541.051. *See Calder v. City of Crystal,* 318 N.W.2d 838, 840–42 (Minn. 1982) (§ 541.051 applies to claims for contribution, indemnity which have not accrued by August 1, 1980; accrual occurs when defendant pays more than his fair share of damages).

In *Bulau v. Hector Plumbing and Heating Co.,* 387 N.W.2d 659 (Minn.Ct.App. 1986), this court held that actions for contribution or indemnity governed by Minn. Stat. § 541.051 must be brought within two years of the commencement of plaintiff's action against the defendant seeking contribution or indemnity. Here, the city was sued by the Ocels on June 20, 1979, and it served its third-party complaints upon all the third-party defendants between May 14 and June 1, 1981. Since the city commenced its third-party action within two years of being sued by the Ocels, under *Bulau* the city's claims for contribution and indemnity are not barred by § 541.-051.[1]

The trial court based its decision on *Calder, supra.* As *Bulau* demonstrates, however, the court in *Calder* was not deciding when the two-year limitation period of § 541.051 begins to run on a contribution action; instead the limitation period involved in *Calder* was the 15–year period from "substantial completion of the construction" found in § 541.051, subd. 1. *See Bulau,* 387 N.W.2d at 659.

## DECISION

The judgment dismissing appellant's action against respondent third-party defendant is reversed. The issue is remanded for trial.

Reversed and remanded.

---

1. The city's claims would also not be barred if the two-year limitation of § 541.051 commenced upon the payment by one joint tortfeasor of more than his fair share of damages. This was the event which commenced the limitation period for contribution and indemnity actions under the common law. *See Grothe v. Shaffer,* 305 Minn. 17, 232 N.W.2d 227 (1975) (contribution); *Altermatt v. Arlans Department Stores,* 284 Minn. 537, 169 N.W.2d 231 (1969) (indemnification).