Glenn BULAU, et al., Respondents,

v.

HECTOR PLUMBING AND HEATING COMPANY, Defendant and Third Party Plaintiff, Respondent,

v.

20TH CENTURY BUILDING CENTER, INC., Third Party Defendant, Petitioner, Appellant,

Marvin Degner, d.b.a. Degner Construction, Third Party Defendant.

No. C4-85-2000.

Supreme Court of Minnesota.

March 20, 1987.

---

William W. Thompson, David C. Moody, Willmar, for appellant.

Lee L. LaBore, Emilio R. Giuliani, Hopkins, for Hector Plumbing.

David F. Herr, Minneapolis, for Glenn Bulau.

SCOTT, Justice.

Plaintiffs Glenn and Janet Bulau ("Bulaus") brought an action against Hector Plumbing and Heating Company ("Hector") for damage to their home. Hector impleaded 20th Century Building Center, Inc. ("20th Century"). Twentieth Century then moved for dismissal, claiming that Hector's contribution claim was barred by the statute of limitations, Minn.Stat. § 541.051, subd. 1 (1984). The trial court denied this motion, the jury found 20th Century negligent, and the court of appeals affirmed. *Bulau v. Hector Plumbing & Heating Co.*, 387 N.W.2d 659 (Minn.Ct. App.1986). We reverse.

The Bulaus contracted with 20th Century to construct a house, and 20th Century subcontracted the plumbing and heating work to Hector. The house was substantially completed on February 18, 1981, and the Bulaus moved in. On February 19, 1982, the house caught fire, causing significant damage. Both Lowell Grimm, Hector's owner, and Don Ploeger, president of 20th Century, were notified of the fire and visited the house on the day of the fire. The fire had begun in the area where Hector had installed a fireplace, and Grimm admitted in his deposition that his immediate conclusion was that the fire was caused by failure to place fire-retardant material around the fireplace chimney.

The Bulaus brought suit against Hector on August 15, 1983, alleging negligent design and construction, strict liability, and breach of express and implied warranties. On August 3, 1984, almost one year later, Hector served a third-party complaint on 20th Century and Marvin Degner, the subcontractor who had installed the brickwork around the fireplace. Twentieth Century pleaded as an affirmative defense Minn. Stat. § 541.051, subd. 1 (1984), the two-year statute of limitations applicable to actions arising from improvements to real property.

After Hector commenced its third-party action, the Bulaus moved to amend their complaint to assert a direct action against 20th Century. The trial court denied this motion, ruling that the two-year statute of limitations of Minn.Stat. § 541.051, subd. 1, had already run.

Twentieth Century also moved for dismissal of Hector's contribution claim, alleging that the statute had begun to run when Hector and 20th Century discovered the defective condition on the day of the fire, February 19, 1982. The trial court denied 20th Century's motion to dismiss, reasoning that although the direct action was

barred, the action for contribution did not accrue until damages had been assessed against Hector.

At trial the jury found the Bulaus and Degner not negligent and apportioned 60% of the negligence to Hector and 40% to 20th Century. The trial court ordered the taxation of costs, disbursements, and prejudgment interest. By supplemental order, it directed 20th Century to pay Hector as contribution 40% of any payments made by Hector to the Bulaus. The court of appeals affirmed.

The issue is:

Does Minn.Stat. § 541.051 bar commencement of a contribution action more than two years after discovery of a defective and unsafe condition of an improvement to real property?

The plain language of Minn.Stat. § 541.051, subd. 1, bars this contribution action. That statute provides:

> Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, *nor any action for contribution or indemnity for damages sustained on account of the injury,* shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of real property more than two years *after discovery thereof,* nor, in any event shall a cause of action accrue more than 15 years after substantial completion of the construction.

Minn.Stat. § 541.051, subd. 1 (1984) (emphasis added). This statute provides that the limitations period begins to run at "discovery thereof." Minn.Stat. § 541.051, subd. 1. The court of appeals found this reference ambiguous, hypothesizing that the event or condition discovered could be the injury, the defective and unsafe condition, the action for contribution or indemni-

ty, or even the damages sustained. *See Bulau v. Hector Plumbing & Heating Co.,* 387 N.W.2d 659, 661 (Minn.Ct.App.1986). Because the court of appeals concluded that the statute was ambiguous, that court sought to ascertain the legislative intent. *Id.*

This court, however, has not found this statute ambiguous. In *Jack v. Applebaum's Food Mkts., Inc.,* 280 Minn. 247, 250 n. 1, 158 N.W.2d 857, 859 n. 1 (1968), this court observed that the legislature enacted Minn.Stat. § 541.051 as "a statute of limitations which terminated indemnity rights * * * unless an action seeking indemnity is brought within 2 years *after the hazard* is discovered." *Id.* (emphasis added); *see also Continental Grain Co. v. Fegles Constr. Co.,* 480 F.2d 793, 797 (8th Cir. 1973) (defective condition must be discovered before statute of limitations begins to run); *Bethesda Lutheran Church v. Twin City Constr. Co.,* 356 N.W.2d 344, 352 (Minn.Ct.App.1984) ("Section 541.051 provides that actions, including actions for contribution and indemnity, must be commenced within two years after discovery of the defect * * *.")

Section 541.051, subd. 1, bars actions for contribution or indemnity commenced more than two years after the discovery of the defective and unsafe condition. This statute, therefore, abrogates the common law rule that these actions do not "ripen" until one party has paid more than its fair share of the plaintiff's damages. *See Grothe v. Shaffer,* 305 Minn. 17, 23–24, 232 N.W.2d 227, 232 (1975).

In *Calder v. City of Crystal,* 318 N.W.2d 838 (Minn.1982), this court upheld the portion of Minn.Stat. § 541.051, subd. 1 (1980), that provided that no "cause of action [shall] accrue more than 15 years after substantial completion of the construction" and that thereby cuts off the right to contribution before the cause of action accrues. *See Calder,* 318 N.W.2d at 844. This court observed that "[i]f the city were barred by the statute of limitations from having a reasonable time to join third par-

ties for contribution or indemnity, the statute would not fulfill due process requirements under our constitution," but because the city had 14 months before the statute was effective to join third parties, there was no due process problem. *Id.*

Although the cause of action for contribution or indemnity had not yet accrued in *Calder*, it was lost due to the statute of limitations, Minn.Stat. § 541.051, subd. 1. Similarly here, Hector had almost six months, from the time it was sued until the two-year statute of limitations ran, during which to bring its contribution action against 20th Century. Hector failed to do so. It was, therefore, Hector's own inaction and not "a procedural statute of limitations, mak[ing] the remedy impossible to achieve," *Calder*, 318 N.W.2d at 844, that prevented Hector from seeking contribution. *See also Agus v. Future Chattanooga Dev. Corp.*, 358 F.Supp. 246, 251 (E.D. Tenn.1973) ("That the statute may have the effect in this instance of barring an action for indemnity before all essential elements to that cause of action have finally accrued is not sufficient to impute a legislative intent contrary to that clearly reflected on the face of the statute * * *.").

We reverse the court of appeals and hold that Minn.Stat. § 541.051, subd. 1 (1984), bars an action for contribution arising out of an improvement to real property if that action is commenced more than two years after the discovery of the defective and unsafe condition.

Reversed.