Bernice BLOMGREN, Respondent,

v.

MARSHALL MANAGEMENT SERVICES, INC., d/b/a Best Western–Marshall Inn, et al., Defendants and Third-Party Plaintiffs, Appellants,

v.

FINNISH SAUNA BUILDERS, INC.,
Third-Party Defendant,
Respondent.

No. C5–91–2094.

Court of Appeals of Minnesota.

April 7, 1992.

James E. Kerr, Irons & Kerr, Tracy, for Bernice Blomgren.

John P. Brendel, James F. Dunn & Associates, P.A., St. Paul, for appellants.

Gregg A. Johnson, James G. Golembeck, Steven T. Caya, Jardine, Logan & O'Brien, St. Paul, for Finnish Sauna Builders, Inc.

Considered and decided by KLAPHAKE, P.J., and FORSBERG and DAVIES, JJ.

## OPINION

KLAPHAKE, Judge.

Marshall Management Services, Inc. and Liparis N.V. appeal from summary judgment, contending the trial court erred as a matter of law in dismissing their third party complaint for indemnity or contribution because the plaintiff was time-barred from suing respondent Finnish Sauna Builders in a direct action. We reverse and remand.

## FACTS

In 1981, respondent Finnish Sauna Builders (FSB) agreed to design and construct a whirlpool system for the Best Western Inn owned by appellants Marshall Management Services, Inc. and Liparis N.V. (Marshall). FSB constructed the steps and deck of the whirlpool of wood, but did not install "slip strips." In addition, the whirlpool system allegedly violated several state safety and health regulations. FSB completed the whirlpool project in January 1982, and had no further involvement in the maintenance or upkeep of the system.

On October 23, 1982, Bernice Blomgren slipped and fell on the wet steps of the whirlpool, suffering physical injuries. Blomgren did not pursue any legal action until nearly six years later when, on October 17, 1988, she brought the present claim against Marshall for negligent operation and maintenance of the whirlpool.[1] On September 28, 1989, Marshall sued FSB in a third party action for indemnity or contribution based on an unsafe or defective improvement to real property. The trial court granted partial summary judgment to FSB, holding that the third party action was time-barred by Minn.Stat. § 541.051 (1988) and that no common liability existed between FSB and Marshall. Pursuant to Minn.R.Civ.P. 54.02, the trial court directed entry of judgment dismissing the third party action. Marshall appeals.

## ISSUE

I. Did the trial court err, as a matter of law, in concluding that Minn.Stat. § 541.051 (1988) bars Marshall's third party contribution or indemnity action?

II. Did the trial court err in concluding the running of the statute of limitations on the plaintiff's cause of action for negligent construction precluded common liability between Marshall and FSB?

## ANALYSIS

*Standard of Review*

In reviewing a grant of summary judgment, this court must determine (1) whether genuine issues of material fact exist for trial and (2) whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d

---

1. Blomgren could not sue FSB directly for injuries arising from a defective or unsafe improvement to real property because the two-year statute of limitations had run on the action. *See* Minn.Stat. § 541.051 (1988).

425, 427 (Minn.1988). We view the evidence in the light most favorable to the party against whom summary judgment was granted. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982). The material facts surrounding the statute of limitation question are not disputed, thus this court's review is limited to the trial court's application of the law.

### I.

■ The trial court held that Marshall's third party action against FSB was barred because Blomgren's direct action against FSB was barred. Marshall contends Minn. Stat. § 541.051 (1988) does not bar its third party action against FSB for indemnification or contribution. We agree.

■ Contribution and indemnity are equitable remedies of restitution. *Hendrickson v. Minnesota Power & Light Co.*, 258 Minn. 368, 371, 104 N.W.2d 843, 846–47 (1960), *overruled in part by Tolbert v. Gerber Indus., Inc.*, 255 N.W.2d 362, 368 n. 11 (1977). Contribution is the remedy for "one who has discharged more than his fair share of a common liability or burden," allowing one to recover a proportionate share from the other liable party. *Hendrickson*, 258 Minn. at 370, 104 N.W.2d at 846. Contribution is the appropriate remedy where there is common liability among tortfeasors.[2] *Hart v. Cessna Aircraft Co.*, 276 N.W.2d 166, 168 (Minn.1979). Common liability "is created at the instant the tort is committed." *White v. Johnson*, 272 Minn. 363, 371, 137 N.W.2d 674, 679 (1965), *overruled in part by Tolbert*, 255 N.W.2d at 368 n. 11.

■ Indemnity does not require common liability. Indemnity instead arises out of a contractual relationship, either express or implied by law, which "requires one party to reimburse the other entirely." *Hendrickson*, 258 Minn. at 371, 104 N.W.2d at 847. A claimant may recover indemnity:

(1) Where the one seeking indemnity has only a derivative or vicarious liability for damage caused by the one sought to be charged.

(2) Where the one seeking indemnity has incurred liability by action at the direction, in the interest of, and in reliance upon the one sought to be charged.

(3) Where the one seeking indemnity has incurred liability because of a breach of duty owed to him by the one sought to be charged.

\* \* \* \* \* \*

(5) Where there is an express contract between the parties containing an explicit undertaking to reimburse for liability of the character involved.[3]

*Hendrickson*, 258 Minn. at 372–73, 104 N.W.2d at 848; *see also Tolbert*, 255 N.W.2d at 366–368.

According to common law rules, an action for contribution or indemnity does not accrue until one tortfeasor, commonly liable with at least one other tortfeasor, pays more than its share of the damage.[4] *Grothe v. Shaffer*, 305 Minn. 17, 23–4, 232 N.W.2d 227, 232 (1975); *Gustafson v. Johnson*, 235 Minn. 358, 364, 51 N.W.2d 108, 112 (1952); *see also Hammerschmidt v. Moore*, 274 N.W.2d 79, 82 (Minn.1978) (stating a joint "tortfeasor who has been

---

**2.** The supreme court has, on equitable principles, allowed contribution in certain cases despite the absence of common liability. *See, e.g., Lambertson v. Cincinnati Corp.*, 257 N.W.2d 679, 688 (Minn.1977) (contribution "should be used to achieve fairness on particular facts, unfettered by outworn technical concepts like common liability"); *see also* Note, *Contribution and Indemnity—An Examination of the Upheaval in Minnesota Tort Loss Allocation Concepts*, 5 Wm. Mitchell L.Rev. 109 (1979).

**3.** In *Hendrickson v. Minnesota Power & Light Co.*, 258 Minn. 368, 104 N.W.2d 843 (1960), the supreme court outlined five situations in which indemnity was appropriate. *Id.* at 372–73, 104 N.W.2d at 848. The fourth situation, which is

not at issue here, was later overruled in *Tolbert v. Gerber Indus., Inc.*, 255 N.W.2d 362, 368 n. 11 (1977). Thus, indemnity is no longer available to a party who is culpably negligent in failing to discover or prevent the misconduct of another party. *Id.*

**4.** Under Minn.R.Civ.P. 14.01, however, a joint tortfeasor need not wait until it has made the actual payment to bring a contribution or indemnity claim, but may institute a third party action in conjunction with the original claim. *Grothe v. Shaffer*, 305 Minn. 17, 25, 232 N.W.2d 227, 232–33 (1975). When such a third party action is brought, the contribution/indemnity claim is considered contingent upon the outcome of the original action. *Id.*

sued 'has the right to implead the unjoined tortfeasor in plaintiff's action for the purpose of proving their common liability even after the statute of limitations on plaintiff's claim has run' "); *White*, 272 Minn. at 371, 137 N.W.2d at 679 (running of statute of limitations on plaintiff's claim against one defendant does not bar contribution action because the statute of limitations defense arises after common liability is established). Thus, the statute of limitations for the contribution/indemnity action does not begin to run until one of the joint tortfeasors has paid more than its fair share of the damages. *Grothe*, 305 Minn. at 24, 232 N.W.2d at 232; *see also* Peter B. Kutner, *Contribution Among Tortfeasors: The Effects of Statutes of Limitations and Other Time Limitations*, 33 Okla. L.Rev. 203 (1980).

In 1987, the supreme court reversed this court, holding that the plain language of Minn.Stat. § 541.051 (1984) mandated a two-year statute of limitations for contribution or indemnity actions involving defective improvements to real property. *Bulau v. Hector Plumbing & Heating Co.*, 402 N.W.2d 528, 531 (Minn.1987). The court held that the action accrues at the discovery of the defective condition. *Id.*

In 1988, however, the legislature amended section 541.051 to effectively overrule *Bulau* and codify the general common law rule that the statute of limitations on a contribution or indemnity action does not begin to run until one party has paid a disproportionate share of damages. 1988 Minn.Laws ch. 607 § 1. The applicable statute [5] now reads:

(a) Except where fraud is involved, no action * * * to recover damages for any injury * * * arising out of the defective and unsafe condition of an improvement to real property, *nor any action for contribution or indemnity for damages sustained on account of the injury, shall be brought * * * more than two years after* discovery of the injury or, in the case of an action for contribution or indemnity, *accrual of the cause of action,* nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction. * * *

(b) For purposes of paragraph (a), *a cause of action accrues * * ** in the case of an action for contribution or indemnity, *upon payment of a final judgment, arbitration award or settlement arising out of the defective and unsafe condition.*

Minn.Stat. § 541.051, subd. 1 (1988) (emphasis added).

Here the whirlpool was completed in January of 1982; Blomgren was injured on October 23, 1982; Blomgren sued Marshall on October 17, 1988, and Marshall brought its contribution/indemnity claim against FSB on September 28, 1989. Marshall's contribution/indemnity claim has thus not yet accrued because Marshall has not yet paid a disproportionate share of damages to Blomgren. In addition, Marshall's third party action is within ten years of substantial completion of the improvement. We conclude Marshall is not barred from bringing its claim for contribution or indemnity against FSB, despite the fact that Blomgren is time-barred from suing FSB directly.

## II.

■ The trial court also concluded that the running of the statute of limitations on Blomgren's action against FSB precluded common liability. We disagree. Common liability is not affected by the fact that Blomgren's negligent construction claim is time-barred.

Common liability exists when two or more actors are liable to an injured party for the same damages, even though their liability may rest on different grounds. *Farmers Ins. Exch. v. Village of Hewitt*, 274 Minn. 246, 249, 143 N.W.2d 230, 233 (1966). Common liability is not synonymous with common negligence or similar

---

**5.** The 1988 amendment applies to all matters pending on or instituted on or after April 25, 1988. 1988 Minn. Laws ch. 607 § 3. Blomgren brought her claim in October of 1988. The legislature amended the statute again in 1990, but did not modify the provisions applicable here. *See* 1990 Minn.Laws ch. 555 § 13.

negligence.[6] *Id.* at 250, 143 N.W.2d at 233–34. When Blomgren was injured, both Marshall and FSB arguably were liable for the condition of the whirlpool, albeit on different grounds. Moreover, procedural defenses such as the running of the statute of limitations merely *avoid* liability rather than *deny* liability. *Spitzack v. Schumacher*, 308 Minn. 143, 145–46, 241 N.W.2d 641, 643 (1976).

■ Finally, we note that even if common liability did not exist, Marshall could still pursue an indemnity claim against FSB. A claim for indemnity exists where one without personal fault is exposed to liability "because of the failure of another to perform a duty which he was legally or contractually obligated to perform." *Tolbert*, 255 N.W.2d at 366. Even if Marshall is found liable, but is able to show that it is without personal fault and that the accident occurred because FSB breached its legal or contractual duty of care in constructing the whirlpool, Marshall is entitled to indemnity. We conclude the trial court erred in dismissing the third party action.

■ FSB argues that Marshall's alleged negligence constitutes an intervening and superseding cause of Blomgren's injuries as a matter of law. FSB did not present this argument to the trial court, but urges this court to consider the argument as "decisive of the entire controversy." *See Harms v. Independent Sch. Dist. No. 300*, 450 N.W.2d 571, 577 (Minn.1990). The scope of appellate review is limited to issues raised in and decided by the trial court. *Thayer v. American Fin. Advisors, Inc.*, 322 N.W.2d 599, 604 (Minn.1982). Thus, we will not consider FSB's argument concerning superseding and intervening cause because the argument is outside the scope of our review.

## DECISION

The trial court erred in dismissing Marshall's third party action against FSB. The plain language of Minn.Stat. § 541.051, subd. 1 allows a contribution/indemnity

claim arising from a defective improvement to be brought when a joint tortfeasor pays a disproportionate share of the plaintiff's damages. Common liability is not destroyed by the running of the statute of limitations on the plaintiff's claim against a joint tortfeasor, and indemnity may still be pursued in the absence of common liability.

Reversed and remanded.

---

6. Thus, even though Minn.Stat. § 541.051 (1988) does not apply to Blomgren's underlying action for negligent maintenance of the whirlpool, *see* Minn.Stat. § 541.051, subd. 1(c), section 541.051 does apply to Marshall's contribution/indemnity claim for a defective or unsafe improvement to real property.