Arthur E. SULLIVAN, et al.,
Appellants,

v.

FARMERS AND MERCHANTS STATE BANK OF NEW ULM, Defendant and Third Party Plaintiff, Sidney C. Little, Third Party Defendant, Heymann Construction Company, Third Party Defendant, Respondents.

No. C1–86–1221.

Court of Appeals of Minnesota.

Dec. 30, 1986.

Review Denied March 13, 1987.

William M. Schade, New Ulm, for Arthur E. Sullivan.

Terri Stoneburner, Mankato, for Farmers and Merchants State Bank of New Ulm.

Sidney C. Little, pro se.

Gregg B. Nelson, Robert H. Peterson, Minnetonka, for Heymann Const. Co.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal arises from a summary judgment dismissing appellants' claim on the basis of Minn.Stat. § 541.051, subd. 1 (1980). We reverse.

## FACTS

Respondent Farmers and Merchants State Bank of New Ulm owns and operates a banking facility there. The building was designed by respondent architect Sidney C. Little and its construction was completed by respondent Heymann Construction Company in 1970.

The main floor of the bank building is several inches higher than the parking lot located at the rear of the building. Customers gain access to the parking lot by exiting through the building's rear glass door and traversing a narrow walkway and a driveway several inches below the level of the walkway. A concrete curbing lies along the walkway at the edge of the driveway. Customers going to the parking lot push open the door which is wider than the walkway, step off the curbing, and cross the driveway at right angles to auto-banking traffic.

Appellant Arthur Sullivan banked at respondent's institution since the mid–1970's and regularly used the parking lot and the rear entry. He was aware the driveway surface was several inches below the walkway so that a step down was required before crossing the driveway. He was also aware of proximity to automobile traffic from the auto-banking facility. When leaving the bank, it was his practice to look carefully to the right for approaching vehicles. Because of a sightless right eye, Sullivan must turn his head at an extreme angle to view oncoming traffic.

On September 29, 1981, appellant exited through the rear door. He heard engine noise coming from his right, turned to look for traffic, and fell off the curb.

Since the bank building's completion, there was no sign warning customers leaving the bank of the step outside the exit door, nor was there a marking on the curb to draw attention to the step where appellant fell.

On August 31, 1984, appellant sued for personal injuries sustained in the fall. On April 30, 1985, appellant amended his complaint to include his wife, Sharon Sullivan,

as a plaintiff. The complaint alleged respondents carelessly and negligently designed, constructed, and maintained the exit and failed to inform and warn appellant and other persons using the exit of a dangerous and unsafe condition.

After discovery, respondent Bank moved for summary judgment on the basis that appellant's claim was time-barred by the statute of limitations on actions arising from improvements to real property and, in the alternative, that appellant was familiar with the exit and its contours and the condition of the exit was open and obvious to appellant at all times, including the date of his fall.

The summary judgment hearing took place on January 13, 1986. In findings of fact, conclusions of law, and order granting summary judgment dated June 20, 1986, the trial court held that appellants' claims were time barred by Minn.Stat. § 541.051, subd. 1. Since the statute of limitations disposed of the claim, the trial court did not address the alternative grounds raised. Summary judgment was entered on June 27, 1986 and this appeal followed.

### ISSUE

Does the statute of limitations for claims arising from improvements to real property bar a claim alleging negligent failure to warn of a dangerous and unsafe condition?

### ANALYSIS

1. The trial court concluded that section 541.051 barred appellant's action to recover for personal injuries sustained in a fall at the bank because it arose from a defect in the design and construction which had existed since completion of construction in 1970. We cannot agree.

Minn.Stat. § 541.051, subd. 1 (1980) imposes a two-year limit on actions for bodily injury caused by improvements to real property, but excludes from its operation actions against the owner or other person in possession resulting from negligent maintenance, operation, or inspection of the property improvement:

Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of the injury, shall be brought against any person performing or furnishing the design, planning * * * or construction of the improvement to real property or against the owner of the real property more than two years after discovery thereof, nor, in any event shall such a cause of action accrue more than 15 years after substantial completion of the construction. * * *

Nothing in this section shall apply to actions for damages resulting from negligence in the maintenance, operation or inspection of the real property improvement against the owner or other person in possession.

Minn.Stat. § 541.051, subd. 1 (1980).

The statute was enacted in 1965 to shield architects and builders from indeterminate prospects of liability on long-completed projects. *Bulau v. Hector Plumbing and Heating Company*, 387 N.W.2d 659, 661 (Minn.Ct.App.1986), *pet. for rev. granted* (Minn. Aug. 13, 1986). Owners of property improvements were not covered by the statute. In 1977, the statute was held unconstitutional on equal protection grounds in *Pacific Indemnity Company v. Thompson-Yaeger, Inc.*, 260 N.W.2d 548, 553–55 (Minn.1977). In 1980, the statute was reenacted in its present form to include owners within its operation.

█ 2. Under established tort law, owners and possessors of improvements to real property owe a duty of reasonable care to persons using the premises. Reasonable care includes the duty to inspect and repair the premises and, at a minimum, to warn persons using the premises of unreasonable risks of harm. *See Adee v. Evanson*, 281 N.W.2d 177 (Minn.1979). The duty to warn the public applies to all unreasonable

risks of harm on the premises, whatever their source. A visitor to commercial property, in particular, is "entitled to expect that the possessor will take reasonable care to discover the actual condition of the premises and either make them safe or warn him of dangerous conditions." *Mourning v. Interlachen Country Club,* 280 Minn. 94, 100, 158 N.W.2d 244, 249 (1968).

The second paragraph of Minn.Stat. § 541.051, subd. 1 specifically excludes actions for damages against owners and persons in possession of property improvements from the limitations imposed by the first paragraph when the cause of the injury results from negligent maintenance, operation, or inspection of the property improvement. The inclusion of this paragraph in the 1980 version of the statute evinces a legislative intent to hold owners and possessors to the standard of care required at common law. The fact the risk results from defects in the design or construction of the property improvement does not relieve the owner or possessor of the duty to ensure the safety of persons using the premises through use of appropriate warnings. The legislature could not have intended to absolve owners and possessors of property improvements, particularly commercial property held open to the public, from the duty to use reasonable care to protect health and safety.

■ We therefore hold that Minn.Stat. § 541.051, subd. 1 does not relieve the owner or possessor of a property improvement from the duty to warn of dangerous and unsafe conditions on the premises. Because appellants' complaint included an allegation of negligence in the failure to warn persons using the premises of a dangerous and unsafe condition, his claim is not time-barred by Minn.Stat. § 541.051, subd. 1 (1980). Hence, the general six-year statute of limitations for tort actions is controlling. Minn.Stat. § 541.05 (1980).

3. Since the trial court's judgment was based solely on the statute and not on respondents' alternative ground for summary judgment that the condition of the

exit was open and obvious and familiar to appellant, we need not determine that issue.

## DECISION

The trial court erred in dismissing appellants' action on the basis of Minn.Stat. § 541.051 when the complaint included an allegation of negligent failure to warn persons using the premises of a dangerous and unsafe condition.

Reversed.