STATE FARM FIRE & CASUALTY
COMPANY, Appellant,

v.

C & A CONSTRUCTION
COMPANY, INC.,

Arcade Concrete Construction
Company, Inc., Respondents.

No. C6–87–866.

Court of Appeals of Minnesota.

Sept. 15, 1987.

Richard J. Newcome, St. Paul, for appellant.

Neill J. O'Neill, II, St. Paul, for C & A Const. Co., Inc.

Timothy R. Murphy, St. Paul, for Arcade Concrete Const. Co.

Heard, considered and decided by POPOVICH, C.J., and NORTON and LOMMEN *, JJ.

## OPINION

A. PAUL LOMMEN, Acting Judge.

The trial court granted summary judgment in favor of respondents C & A Construction Company and Arcade Concrete Construction Company based on the two-year statute of limitations set forth in Minn.Stat. § 541.051. On appeal, appellant State Farm claims the court erred by applying a two-year statute of limitations instead of a six-year statute of limitations and by determining the statute of limitations began to run on the date the fire occurred. We affirm.

## FACTS

In 1978, respondent C & A Construction Company built a house for John and Carol Cincotta. C & A subcontracted the masonry work, including the "roughed-in" fireplace called for in the house plans, to re-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

spondent Arcade Concrete Construction Company. After moving in, the Cincottas hired Ric Williams, an apprentice bricklayer, to finish the fireplace.

On January 10, 1982, a fire occurred in the Cincottas' home. The Vadnais Heights Fire Department extinguished the fire and dismantled the fireplace to determine the cause of the fire. Fire Chief Lorenz concluded the fire was caused by improper installation of the fireplace. However, Lorenz did not submit a *written* report until February 2, 1982.

The Cincottas filed their property loss claim with State Farm Fire and Casualty Company on January 11, 1982. Merle Hagen, State Farm's fire claims specialist, made his on-site examination of the fire on January 11, 1982 and determined that the fire originated in the fireplace. In his deposition, Hagen stated it "was pretty obvious where the origin of the fire was."

State Farm retained fire consultant expert Bruce Ryden and the Cincottas retained Ray Vaala of the Suppornick Adjusting Company to investigate the cause of the fire. Vaala first inspected the fire damage on January 12, 1982 and determined the fire originated around the fireplace. On January 15, 1982, Ryden inspected the fire damage and concluded that the fire was caused by defective masonry work in the construction of the fireplace.

Gerald Theis, Building Inspector for the City of Vadnais Heights, also inspected the fire damage. On January 25, 1982, Theis informed the Cincottas the fire was caused by faulty fireplace construction. In its reply brief, appellant claims the Cincottas never received the January 25, 1982 letter.

In their February 5, 1987 affidavit, John and Carol Cincotta stated:

[T]he first time they were informed or discovered that the fire apparently was caused by improper installation of the fireplace was sometime after the contractor removed the stone and block from the front of the fireplace with the inspectors present, which apparently happened on February 4, 1982.

The Cincottas later amended their affidavit, stating:

John and I wish to state that our first recollection of the fire marshall tearing apart the fireplace was March 4, 1982 and not February 4, 1982. No one prior to that time would definitely state the exact cause of the fire until after the fire marshall made his statement. We also have no recollection of receiving written material from anyone stating "possible" or "probable" cause of our fire except that it probably started in the fireplace.

The trial court found:

The Vadnais Heights fire department arrived soon after receiving the call, and extinguished the fire. Fire fighters then partly dismantled the fireplace and surrounding structure to determine how the fire started. The cause was found to be extreme heat radiating from the sheet metal on the rear of the fireplace insert. The Fire Chief noted that the installation of the fireplace appeared improper.

John Cincotta hired an adjuster to help settle his claim with his insurer, the Plaintiff herein ("State Farm"). The adjuster cooperated with State Farm's investigator. The Fire Chief's opinion reached State Farm's investigator on February 5, 1982.

On March 4, 1982, State Farm settled the Cincottas' fire damage claim and received an assignment of their rights against third parties. State Farm commenced this action against Arcade on January 31, 1984 and against C & A on February 2, 1984.

## ISSUE

Did the trial court err by granting summary judgment?

## ANALYSIS

In reviewing a summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn. 1979). As the facts of this case are not in dispute, the only issue for our consideration is whether the trial court erred in its application of the law.

*Applicable statute of limitations*

First, appellant claims the trial court erred by applying the two-year statute of limitations set forth in Minn.Stat. § 541.051 (1982), instead of the six-year statute of limitations set forth in Minn.Stat. § 541.05 (1982). Appellant premises its argument on the last paragraph of Minn.Stat. § 541.-051, subd. 1, which provides:

> Nothing in this section shall apply to actions or damages resulting from negligence in the maintenance, operation or inspection of the real property improvement *against the owner or other person possession.*

*Id.* (emphasis added).

It is appellant's position that because C & A was the owner of the materials used in the home's construction, C & A, not the Cincottas, was the "owner or other person in possession" within the meaning of Minn. Stat. § 541.051.

We recently interpreted the second paragraph of Minn.Stat. § 541.051, subd. 1. In *Sullivan v. Farmers & Merchants State Bank of New Ulm,* 398 N.W.2d 592 (Minn. Ct.App.1986), *pet. for rev. denied* (Minn. Mar. 13, 1987), we stated:

> The second paragraph of Minn.Stat. § 541.051, subd. 1 specifically excludes actions for damages against owners and persons in possession of property improvements from the limitations imposed by the first paragraph *when the cause of the injury results from negligent maintenance, operation or inspection of the property improvement.* The inclusion of this paragraph in the 1980 version of the statute evinces a legislative intent to hold owners and possessors to the standard of care required at common law.

*Id.* at 595 (emphasis added.) While appellant's argument may be valid if a third party had been injured at the Cincottas' home, it is not valid when applied to the facts of this case.

The relevant part of Minn.Stat. § 541.-051, subd. 1, provides:

**LIMITATION OF ACTION FOR DAMAGES BASED ON SERVICES OR CONSTRUCTION TO IMPROVE REAL PROPERTY.**

Subdivision 1. Except where fraud is involved, *no action* by any person in contract, tort, or otherwise *to recover damages for any injury to property, real or personal,* or for bodily injury or wrongful death, *arising out of the defective and unsafe condition of an improvement to real property,* nor any action for contribution or indemnity for damages sustained on account of the injury, *shall be brought* against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property *more than two years after discovery thereof,* nor, in any event shall such a cause of action accrue more than 15 years after substantial completion of the construction. Date of substantial completion shall be determined by the date when construction is sufficiently completed so that the owner or his representative can occupy or use the improvement for the intended purpose.

*Id.* (emphasis added).

■ This case clearly involves an improvement to real property and, therefore, falls squarely within the language of Minn. Stat. § 541.051, subd. 1, which provides for a two-year statute of limitations. *See Greenbrier Village Condominium Two Associations, Inc. v. Keller Investment, Inc.,* 409 N.W.2d 519 (Minn.Ct.App.1987).

*Date on which the statute of limitations begins to run*

Appellant also claims that the defective condition must be "discovered" before the statute of limitations begins to run. Initially, appellant argues "discovery" did not occur until February 5, 1982, when Merle Hagen, State Farm's investigator, received the letter from Fire Chief Lorenz indicating that the installation of the fireplace was improper. In its reply brief, appellant argues the Cincottas never received the fire chief's report and were not informed of the causation of the fire until after the fireplace was torn apart, on either February 4, 1982, or March 4, 1982.

We recently considered the issue of when the statute of limitations begins to run. In *Greenbrier* we held:

> [T]he limitation period in § 541.051, subd. 1, begins to run when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, *any injury sufficient to entitle him to maintain a cause of action.*

*Id.* at 524 (emphasis added).

Here, it is not necessary for us to pinpoint the exact date on which the statute of limitations began to run. On January 10, 1982, the Cincottas clearly could have maintained a cause of action against the construction company for the fire damages. State Farm's rights are no greater than those it received from the Cincottas. *Citizens Security Mutual Insurance Co. v. General Electric Corp.*, 394 N.W.2d 167, 169 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Nov. 26, 1986). Regardless of which date we choose, *at least* by January 15, 1982, when fire consultant expert Bruce Ryden inspected the fire damage and concluded that the fire was caused by defective masonry work in the construction of the fireplace, appellant had notice and the statute of limitations began to run. Yet, appellant waited for two years and one-half month before filing this action. As a result, appellant's action was untimely filed and, therefore, is barred by the applicable statute of limitations.

## DECISION

The trial court properly granted summary judgment in favor of respondents.

Affirmed.