**Susan BOYUM, et al., Appellants,**

v.

**MAIN ENTREE, INC., d/b/a D.B. Searles, Respondent.**

No. C0–95–438.

Court of Appeals of Minnesota.

Aug. 1, 1995.

Review Denied Sept. 28, 1995.

Kenneth R. Moen, Dunlap & Seeger, P.A., Rochester, for appellants.

Gordon H. Hansmeier, Rajkowski Hansmeier, Ltd., St. Cloud, for respondent.

Considered and decided by PARKER, P.J., and HARTEN and SCHULTZ,* JJ.

### OPINION

HARTEN, Judge.

Appellants challenge the partial summary judgment entered against them, claiming that the district court erred by concluding that their negligence per se claim is time-barred by Minn.Stat. § 541.051.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

On June 27, 1992, appellant Susan Boyum sustained serious injuries when she tripped and fell on steps inside a building leased by respondent D.B. Searles (Searles), a restaurant and bar. Susan Boyum and her husband brought suit against Searles, claiming that it was negligent in failing to warn, post signs, take remedial steps, and by continuing to allow an unsafe condition to exist within the building. The Boyums' expert alleged that the stairway was in violation of the Minnesota Building Code in several respects.

Searles moved for summary judgment, claiming that the Boyums' cause of action is barred by the statute of repose provision in Minn.Stat. § 541.051, subd. 1, which provides a ten-year limitation on actions related to construction and improvement of real property. The district court denied the motion for summary judgment, concluding that the Boyums' common law negligence claim is not barred, but that their negligence per se claim is barred by the statute of repose because the improvement to the property was completed in 1978, more than ten years prior to Susan Boyum's accident. The district court certified the question as important and doubtful, but we construe the district court's order to be a partial summary judgment and, on that basis, accept jurisdiction of the appeal.

## ISSUE

Whether a negligence per se claim can be maintained against a tenant user of restaurant property when the property is used with structural conditions out of compliance with the building code, but where the failure to comply originated with the owner's remodeling completed more than ten years before the incident giving rise to the claim.

## ANALYSIS

On appeal from summary judgment, we ask two questions: "(1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law." *State ex rel. Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). We must view the evidence "in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

The Boyums contend that the district court erred by concluding that their negligence per se claim is time-barred by Minn.Stat. § 541.051. They claim that Searles is negligent per se for violating sections of the Uniform Building Code (UBC).[1] Searles admits for the purpose of resolving this issue that the stairway did not comply with the building code, but argues that section 541.051 bars the Boyums' claim that it violated the UBC because the remodeling of the building, including the stairway, is an improvement to real estate which occurred more than ten years prior to Susan Boyum's accident. Section 541.051 provides:

> [N]o action by any person * * * to recover damages for * * * bodily injury * * * arising out of the defective and unsafe condition of an improvement to real property * * * shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery of the injury * * * nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction.

Minn.Stat. § 541.051, subd. 1(a) (1990). The Boyums contend that their claim is specifically preserved under subpart (c) which provides:

> Nothing in this section shall apply to actions for damages resulting from negli-

---

1. The UBC has been adopted in Minnesota, *see* Minn.Stat. §§ 16B.59–.73 (1990 § Supp.1991) (granting Commissioner of Administration authority to establish a state building code by rule); Minn.R. 1305.0100–.7100 (1991) (Minnesota State Building Code which adopts UBC by reference), and a violation of the UBC may meet the test of negligence per se. *See Raymond v. Baehr*, 282 Minn. 109, 113, 163 N.W.2d 51, 54 (1968) (violation of city building code constituted negligence per se); *Thies v. St. Paul's Evangelical Lutheran Church*, 489 N.W.2d 277, 280 (Minn. App.1992) (violation of a building code can constitute negligence per se when it results in the harm the building code was designed to prevent).

gence in the maintenance, operation or inspection of the real property improvement against the owner or other person in possession.

*Id.*, subd. 1(c). The Boyums claim that because Searles was continuing to operate the restaurant with an unsafe condition, their claim is not precluded under section 541.051.

It is unclear whether the continuing operation of a business in a building containing a code violation constitutes "negligence in the maintenance, operation or inspection of the real property improvement" within the meaning of section 541.051, subd. 1(c).[2] We therefore examine the statute's legislative history and associated caselaw.

> As originally enacted, section 541.051, subd. 1, provided that no action to recover damages * * * for bodily injury * * * arising out of the defective and unsafe condition of an improvement to real property * * * shall be brought against any person performing or furnishing the design, planning, supervision, or observation of construction or construction of such improvement to real property more than two years after discovery thereof, nor, in any event more than ten years after the completion of such construction. *This limitation shall not be applied in favor of any person in actual possession and control as owner, tenant, or otherwise, of the improvement at the time the defective and unsafe conditions of such improvement constitutes [sic] the proximate cause of the injury for which it is proposed to bring an action.*

1965 Minn.Laws ch. 564, § 1 (emphasis added). The statute was enacted to "shield architects and builders from indeterminate prospects of liability on long-completed projects." *Sullivan v. Farmers & Merchants State Bank*, 398 N.W.2d 592, 594 (Minn.App. 1986), *pet. for rev. denied* (Minn. Mar. 13,

1987). Owners and possessors were not protected by the statute.

Then, in 1977, the supreme court struck down the statute as unconstitutional. *See Pacific Indem. Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548 (Minn.1977). The court concluded that by excluding owners and possessors from the class protected by the statute, without a rational basis for the classification, the statute denied equal protection of law. *Id.* at 555. The court cited with approval the Illinois Supreme Court's rationale for striking down a similar statute in *Skinner v. Anderson*, 38 Ill.2d 455, 231 N.E.2d 588 (1967). *Pacific Indem.*, 260 N.W.2d at 555. The *Skinner* court reasoned:

> [O]f all those whose negligence in connection with the construction of an improvement to real estate might result in damage to property or injury to person more than four years after construction is completed, the statute singles out the architect and contractor, and grants them immunity. It is not at all inconceivable that the owner or person in control of such an improvement might be held liable for damage or injury that results from a defective condition for which the architect or contractor is in fact responsible.

*Skinner*, 231 N.E.2d at 591. The Minnesota Supreme Court agreed with the Illinois court, concluding:

> [W]e too can see no basis for including within the protection of the statute persons who construct or design improvements to real estate, and excluding other persons against whom third parties might bring claims should they incur injury, such as owners and material suppliers.

*Pacific Indem.*, 260 N.W.2d at 555.

In response to *Pacific Indemnity*, the legislature amended section 541.051 in 1980 to provide that no personal injury action shall be brought

---

**2.** The Boyums' negligence per se claim is based on section 205 of the UBC which provides in relevant part:

> It shall be unlawful for any person, firm, or corporation to erect, construct, enlarge, alter, repair, move, improve, remove, convert or demolish, equip, use, occupy or maintain any building or structure in the city * * * in violation of any of the provisions of this Code.

U.B.C. § 205 (1976). The Boyums claim that Searles used, occupied, and maintained the stairway in violation of the code. Since Searles admits for purposes of this appeal that the stairway is not in conformity with the code, it is clear that the Boyums could have brought their cause of action had the injury occurred within ten years of the construction.

**392**

against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property *or against the owner of the real property* more than two years after discovery thereof * * *.

*Nothing in this section shall apply to actions for damages resulting from negligence in the maintenance, operation or inspection of the real property improvement against the owner or other person in possession.*

1980 Minn.Laws ch. 518, § 2 (emphasis shows additions to statute).[3] We have interpreted the amendments as evincing a legislative intent "to hold owners and possessors to the standard of care required at common law." *Sullivan,* 398 N.W.2d at 595. In *Sullivan,* we reasoned:

The legislature could not have intended to absolve owners and possessors of property improvements, particularly commercial property held open to the public, from the duty to use reasonable care to protect health and safety.

*Id.* More recently, the supreme court held that the intent of the exception "appears to be, as the trial court observed, to leave undisturbed the limitation period for ordinary landowner's liability." *Ocel v. City of Eagan,* 402 N.W.2d 531, 534 (Minn.1987).

We conclude that the statute was intended to protect possessors of real property from negligence per se claims under the UBC when the violations originate more than ten years prior to the injury. The standard prescribed by the building code is not a "standard of care required at common law." *Sullivan,* 398 N.W.2d at 595. The Minnesota Supreme Court has stated that the difference between negligence per se and negligence based on common-law principles is that

the measure of legal duty for actual negligence is determined upon common-law principles while the measure of duty for negligence per se is fixed by the statute, so that its violation constitutes conclusive evidence of negligence.

*Kronzer v. First Nat'l Bank,* 305 Minn. 415, 423, 235 N.W.2d 187, 192 (1975).

While the legislature intended to allow claims against owners and tenants who fail to exercise reasonable care in their operation of real property, it did not intend to hold them to the stricter standard of care set forth in the building code. Although the Boyums phrase the alleged building code violation in terms of "maintenance, operation, or inspection," the claim, in essence, charges Searles with responsibility for the original construction of the improvement. If we were to accept the Boyums' argument, we would be excluding landowners and possessors from the protection of the statute of repose, while allowing builders and architects to be shielded from liability for the same defect. That interpretation could subject the statute to the same equal protection infirmities that afflicted it prior to its amendment in 1980.[4] Accordingly, we hold that the statute of repose bars the Boyums' negligence per se claim.[5]

## DECISION

The district court properly granted partial summary judgment in favor of D.B. Searles on the Boyums' negligence per se claim.

**Affirmed.**

---

3. Although the statute as amended does not expressly include tenants or others in possession of the property, in deciding that the amendment cured the statute's constitutional infirmities, the supreme court found that the statute's language can be interpreted to include tenants or others in possession within its protection. *Calder v. City of Crystal,* 318 N.W.2d 838, 843 (Minn.1982).

4. Our decision affects only the liability of possessors and owners for negligence per se when the injury occurs more than 10 years after completion of the improvement. It does not affect the ability of municipalities to enforce their building codes.

5. We note that another case recently decided by this court involved a negligence per se claim based on a violation of the UBC. *See Bills v. Willow Run I Apartments,* 534 N.W.2d 286 (Minn.App.1995). In that case, however, the statute of repose issue was not pleaded or argued. *See id.*