Peggy FISHER, as Trustee for the Heirs and Next of Kin of Ryan Lee Fisher, Decedent, Appellant,

v.

COUNTY OF ROCK, Respondent.

No. C6–97–2263.

Court of Appeals of Minnesota.

June 30, 1998.

Review Denied Aug. 31, 1998.

James E. Malters, Gordon L. Moore, III, Von Holtum, Malters & Shepherd, Worthington, for appellant.

Arvid L. Wendland, David R. Wendorf, Wendland Beattie Timmerman, Blue Earth, for respondent.

Considered and decided by SHORT, P.J., and WILLIS and FORSBERG, JJ.

## OPINION

THOMAS G. FORSBERG, Judge.*

Appellant brought this action against respondent county for negligence in failing to place sloping guardrails at the corners of a bridge designed and constructed without them in 1939. Respondent was granted summary judgment on the basis of Minn.Stat. § 541.051, subd. 1(a), which precludes actions based on improvements to real property more than ten years after substantial completion. Because we hold that failure to install guardrails is not negligent maintenance within the meaning of Minn.Stat. § 541.051, subd. 1(c), we affirm.

## FACTS

Bridge 5857, now part of Rock County State Aid Highway (CSAH) No. 3, was built

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. Art. VI, § 10.

entirely of timber in 1939, in compliance with the standards then in effect. The bridge was designed and constructed so that the ends of the rails along its sides are exposed; the design did not provide for sloping guardrails at the ends of the bridge rails.

Ryan Fisher, age 20, was killed from injuries sustained as he approached the bridge from the south and struck the south end of the east bridge rail with the front right corner of his car. The car swung to the left and the end of the railing entered the driver's side of the car.

Appellant Peggy Fisher, Ryan's mother and trustee for his heirs and next of kin, brought this action against respondent Rock County, alleging negligence in the maintenance of the bridge and contending specifically that the county should have installed sloping guardrails at the ends of the bridge rails. Respondent moved for summary judgment, arguing that Minn.Stat. § 541.051, subd. 1(a), bars the claim.[1] The court granted summary judgment on that basis.

## ISSUE

Does Minn.Stat. § 541.051, subd. 1(a), bar appellant's claim?

## ANALYSIS

The construction of a statute is clearly a question of law and thus reviewable de novo. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn. 1985).

Minn.Stat. § 541.051, subd. 1(a) (1996), provides that:

no action * * * to recover damages for any injury * * * arising out of the defective and unsafe condition of an improvement to real property * * * shall be brought * * * more than two years after discovery of the injury * * * nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction.

Appellant contends that her claim for negligent maintenance is not barred because of Minn.Stat. § 541.051, subd. 1(c), providing that:

Nothing in this section shall apply to actions for damages resulting from negligence in the maintenance, operation or inspection of the real property improvement against the owner or other person in possession.

Thus, the application of Minn.Stat. § 541.051, subd. 1(c), depends on whether the installation of sloping guardrails is classified as making an improvement to real property or as maintaining real property.

The phrase "improvement to real property" used in this statute has been defined as:

[A] permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.

*Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 451 (Minn.1988) (quoting *Pacific Indemnity Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548, 554 (Minn.1977) (giving this definition as a "common sense interpretation" of the phrase)).[2] Adding sloping guardrails to

1. Respondent also sought summary judgment on the basis of discretionary function immunity. Because we conclude that the action is barred by the statute of limitations, this issue is moot, and we do not address it.

2. This definition has been widely adopted in Minnesota. *See Sartori*, 432 N.W.2d at 451–52 (citing *Frederickson v. Alton M. Johnson Co.*, 402 N.W.2d 794, 796–97 (Minn.1987) (electrical cabinets treated as an "improvement")); *Bulau v. Hector Plumbing & Heating Co.*, 402 N.W.2d 528, 529–30 (Minn.1987) (fireplace treated as an "improvement"); *Capitol Supply Co. v. City of St. Paul*, 316 N.W.2d 554, 555 (Minn.1982) (sewer system treated as an "improvement"); *Massie v. City of Duluth*, 425 N.W.2d 858, 861 (Minn.App.

1988) (water slide at city pool, designed to be removed for storage every winter, held not an "improvement"), *review denied* (Minn. Sept. 16, 1988); *O'Connor v. M.A. Mortenson Company*, 424 N.W.2d 92, 94 (Minn.App.1988) (unfinished steel stairway in building under construction held to be an "improvement"), *review denied* (Minn. July 28, 1988); *Kemp v. Allis–Chalmers Corporation*, 390 N.W.2d 848, 851 (Minn.App. 1986) (electrical cable installed as part of the electrical transmission system of a pellet plant qualified as an "improvement"); *Lovgren v. Peoples Electric Co.*, 368 N.W.2d 16, 18 (Minn.App. 1985) (permanently installed transformer vault in a steel mill, wired to a steel furnace and to an electrical substation outside the plant and bolted to the floor, constituted an "improvement"), *re-*

the ends of bridge rails would be a permanent addition and improvement, would involve the expenditure of labor and money, and would be designed to make the bridge safer, if not more useful. Adding sloping guardrails would not be an ordinary repair comparable to repairing or replacing the timber of the existing rails and posts.

To argue that a county's duty to maintain safe roadways includes a duty to place guardrails along some roads, appellant relies on *Johnson v. Nicollet County,* 387 N.W.2d 209 (Minn.App.1986) (holding a county liable for failing to add guardrails to a dangerous segment of road). Appellant's reliance is misplaced: in *Johnson,* the issue was the county's failure to place *any* guardrail along a dangerous road. *Johnson* did not involve a statute of limitations issue and did not address whether the guardrail would have been a repair or an improvement.

Similarly, appellant's reliance on Minn. Const. Art. 14, § 3, providing that a highway system "shall be constructed, improved and maintained * * *" and Minn.Stat. § 162.021, subd. 1 (1996), providing that a state aid highway system "must be established, located, constructed, reconstructed, improved and maintained," is misplaced. The fact that a county has a duty both to improve and to maintain its roads does not obliterate the distinction between improving and maintaining. Appellant's action alleging failure to add guardrails to existing bridge rails is an action arising out of the defective and unsafe condition of an improvement to real property, i.e., the existing rails, not an action for negligent maintenance of those rails.

Appellant also argues that the term "maintenance" in Minn.Stat. § 541.051, subd. 1(c), should be broadly construed to include the duty to install guardrails. However, "a strict interpretation of Minn.Stat. § 541.051 is required * * * ." *Brandt v. Hallwood Management Co.,* 560 N.W.2d 396, 399 (Minn.App.1997).

Appellant cites *Nebola v. Minnesota Iron Co.,* 102 Minn. 89, 91, 112 N.W. 880 (1907) (holding that an exception to the statute of limitations operated to toll it until the victim of the accident from which the cause of action accrued recovered his sanity). *Nebola* is irrelevant to the construction of the word "maintenance" in an exception to statutory time limitations on actions concerning improvements to real property. The trial court did not err in holding that appellant's action is barred by the statute of limitations.

## DECISION
Adding sloping guardrails to a bridge designed and constructed without them is not the maintenance but the improvement of real property. Therefore, the exception to the statute of limitations does not apply, and appellant's action is barred by Minn.Stat. § 541.051, subd. 1(a).

**Affirmed.**

*versed on other grounds,* 380 N.W.2d 791 (Minn.          1986).