**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0461**

Gregory Monson,
Appellant,

vs.

Jeff Suck, et al.,
Respondents.

**Filed October 14, 2014
Reversed and remanded
Johnson, Judge**

Cook County District Court
File No. 16-CV-12-297

Sean M. Quinn, Falsani, Balmer, Peterson, Quinn & Beyer, Duluth, Minnesota (for appellant)

David J. Hoekstra, David M. Werwie & Associates, St. Paul, Minnesota (for respondents)

Considered and decided by Connolly, Presiding Judge; Johnson, Judge; and Hooten, Judge.

**S Y L L A B U S**

If a person constructs an improvement to real property and continues to own or possess the property, the person potentially may be subject to two different bases of tort liability. If the person is sued for negligent construction of an improvement that was completed more than ten years before a plaintiff's injury, the claim is barred by the statute of repose in section 541.051, subdivision 1(a), of the Minnesota Statutes. But if the person is sued for negligent failure to use reasonable care to ensure the safety of

persons who enter the property, the claim is not barred by the statute of repose in section 541.051, subdivision 1(a), because of the exception in subdivision 1(d) of the statute.

## O P I N I O N

**JOHNSON**, Judge

Gregory Monson fell off the top of a set of steps that are connected to a deck on the back of a house. The deck is approximately six or seven feet above the ground. The steps did not have a handrail. The house is owned by Jeff Suck and Dwane Smith, who built it themselves 13 years earlier. Monson sued Suck and Smith for injuries he sustained in the fall. The district court granted summary judgment to Suck and Smith on the basis of the ten-year statute of repose in section 541.051, subdivision 1(a), of the Minnesota Statutes, which applies to improvements to real property. We conclude that the district court properly ruled that the statute of repose bars Monson's claim that Suck and Smith negligently constructed the deck and steps. But we conclude that the district court erred by ruling that the statute of repose also bars Monson's claim that Suck and Smith negligently maintained the premises. Therefore, we reverse and remand for further proceedings.

## FACTS

In 1997, Suck and Smith designed and built a duplex house in the city of Grand Marais on property that they jointly owned. Suck moved into the house in late 1997 and has lived there ever since.

Attached to the back of the house is a 10-foot-by-12-foot deck, which is approximately six or seven feet above the ground. A sliding-glass door allows access

between the deck and the house.  Ten steps, each three feet wide, allow access between the deck and the back yard.  The deck has a railing around its perimeter.  In 2010, there was no handrail on either side of the steps.

Monson and Suck have been friends for many years.  In August 2010, Monson and his family moved from Moorhead to Grand Marais.  At Monson's request, Suck allowed Monson and his family to stay temporarily in a camper on the back part of Suck's and Smith's property.  While Monson and his family were staying in the camper, Monson used the deck and its steps several times each day to go to and from the house.

In the early-evening hours of August 23, 2010, Monson and his family were cooking dinner and watching television inside Suck's house.  Monson drank four or five beers.  At approximately 9:30 p.m., Monson decided to return to the camper via the back deck.  When Monson stepped onto the deck, outdoor lighting automatically turned on to illuminate the deck and the steps.  As Monson took the first step down, his right leg went numb such that he felt as if there was "nothing there."  Monson's right leg had "given out" in this manner five or six times in the past, but he never had fallen down because of it.  Monson fell off the side of the steps onto the ground.  He suffered a fractured spine, which required a six-level fusion.

In August 2012, Monson commenced this action against Suck and Smith.  He alleged that his injuries were caused by the absence of a handrail, which he alleged "was a result of negligence and the maintenance of the property by Defendants."  In November 2013, Suck and Smith moved for summary judgment on the basis of, among other things, the ten-year statute of repose in section 541.051, subdivision 1(a), of the Minnesota

3

Statutes.[1]  In December 2013, the district court granted the motion on the basis of the statute of repose.  Monson appeals from the judgment entered in favor of Suck and Smith.

## ISSUE

Does the statute of repose in section 541.051, subdivision 1(a), of the Minnesota Statutes bar Monson's claim that Suck and Smith negligently maintained the steps of the deck?

## ANALYSIS

A district court must grant a motion for summary judgment if the evidence demonstrates "that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law."  Minn. R. Civ. P. 56.03.  A genuine issue of material fact exists if a rational trier of fact, considering the record as a whole, could find for the non-moving party.  *Frieler v. Carlson Mktg. Grp., Inc.*, 751 N.W.2d 558, 564 (Minn. 2008).  This court applies a *de novo* standard of review to the district court's legal conclusions on summary judgment and views the evidence in the light most favorable to the non-moving party.  *RAM Mut. Ins. Co. v. Rohde*, 820 N.W.2d 1, 6 (Minn. 2012); *Day Masonry v. Independent Sch. Dist. 347*, 781 N.W.2d 321, 325 (Minn. 2010).  This court

---

[1]Suck and Smith previously moved for summary judgment based on the statute of repose in August 2013.  In response, Monson argued that Suck and Smith had not pleaded the statute of repose in their answer.  Suck and Smith requested leave to amend their answer to include the statute of repose as an affirmative defense.  The district court granted the motion to amend the answer, extended the discovery deadline to allow additional discovery on the statute-of-repose issue, and denied the motion for summary judgment without prejudice.  Suck and Smith then amended their answer to assert the statute-of-repose defense.

also applies a *de novo* standard of review to matters of statutory interpretation. *Day Masonry*, 781 N.W.2d at 326.

## A.

Monson argues that the district court erred by concluding that his action is barred by the ten-year statute of repose in section 541.051, subdivision 1(a), of the Minnesota Statutes.[2] The statute provides, in relevant part, as follows:

> (a)      Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery of the injury, *nor in any event shall such a cause of action accrue more than ten years after substantial completion of the construction.* Date of substantial completion shall be determined by the date when construction is sufficiently completed so that the owner or the owner's representative can occupy or use the improvement for the intended purpose.
>
>           . . . .

---

[2]It is unclear from Monson's brief whether he also is challenging the district court's grant of respondents' motion to amend their answer. If so, his argument would be without merit. A pleading may be amended "by leave of court," Minn. R. Civ. P. 15.01, and leave to amend "should be freely granted, except where to do so would result in prejudice to the other party," *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993). This court applies an abuse-of-discretion standard of review to such a ruling. *Hunter v. Anchor Bank, N.A.*, 842 N.W.2d 10, 17-18 (Minn. App. 2013), *review denied* (Minn. Mar. 18, 2014). In this case, the district court extended the discovery deadline for the express purpose of allowing Monson to conduct discovery relevant to the statute of repose. Monson does not identify any way in which he was prejudiced. Thus, if asked, we would conclude that the district court did not abuse its discretion by granting respondents' motion to amend their answer and extending the discovery deadline.

> (d)     *Nothing in this section shall apply to actions for damages resulting from negligence in the maintenance, operation or inspection of the real property improvement against the owner or other person in possession.*

Minn. Stat. § 541.051, subd. 1 (2012) (emphasis added).  A statute of repose differs from a statute of limitations in that the repose period starts to run on the date of the substantial completion of the improvement, while the limitations period starts to run on the date of a plaintiff's injury.  *Olmanson v. LeSueur Cnty.*, 693 N.W.2d 876, 880 n.2 (Minn. 2005).

In light of subdivision 1(a), a defendant may assert a statute-of-repose defense in response to a claim of negligent construction if an alleged injury arose from an improvement to real property that was substantially completed more than ten years before a plaintiff's injury.  Minn. Stat. § 541.051, subd. 1(a); *Siewert v. Northern States Power Co.*, 793 N.W.2d 272, 286 (Minn. 2011).  But subdivision 1(d) is an exception to subdivision 1(a).  *See* Minn. Stat. § 541.051, subd. 1(d).  Accordingly, a person who owns or possesses real property may *not* assert a statute-of-repose defense in response to a claim described in subdivision 1(d).  *See id.*  The supreme court has stated that subdivision 1(d) preserves claims that an owner or possessor of real property has breached the "duty under common law to use reasonable care for the safety of entrants on their land, including the duty to inspect their premises for dangerous conditions and to repair them or warn entrants about them."  *Olmanson*, 693 N.W.2d at 881.  "The statute of repose does not bar claims that this duty has been breached."  *Id.* at 881-82, 883-84.  A plaintiff who claims that the exception in subdivision 1(d) applies bears the burden of establishing that "at least a question of material fact exist[s] with respect to [the

6

defendant's] negligence." *State Farm Fire & Cas. v. Aquila Inc.*, 718 N.W.2d 879, 886 (Minn. 2006).

The operation of the exception in subdivision 1(d) is illustrated by *Olmanson*, a case in which a country club improved its property by installing a culvert under a county road to allow golfers to drive golf carts between two parts of a golf course. 693 N.W.2d at 878. More than ten years later, a snowmobiler was injured when he drove over one end of the culvert. *Id.* at 879. The snowmobiler brought a negligence claim against the country club (and against the county, which held an easement in the property). *Id.* The snowmobiler alleged that the country club, as owner of the property, breached its duty of reasonable care by failing to warn of the culvert. *Id.* The district court granted summary judgment to the country club based on the statute of repose. *Id.* But the supreme court held that the district court erred because the snowmobiler's claim was within the exception to the statute of repose. *Id.* at 881-82.

In this case, Monson appears to concede that his claim is barred by the statute of repose to the extent that he alleges a claim of negligent construction of the steps of the deck. But Monson contends that his claim is not completely barred because he also alleges a claim that Suck and Smith breached their common-law duty to use reasonable care to ensure the safety of persons who enter their property. More specifically, Monson contends that Suck and Smith breached their common-law duty because they did not remedy the dangerous condition of the steps by adding a handrail. Because Monson's claim is based on the common-law duty owed by an owner or a possessor of real property, Monson's claim is governed by the statutory exception in subdivision 1(d) and,

thus, is not barred by subdivision 1(a).  *See Olmanson*, 693 N.W.2d at 881-82; *see also Sullivan v. Farmers & Merchants State Bank*, 398 N.W.2d 592, 595 (Minn. App. 1986), *review denied* (Minn. Mar. 13, 1987).

**B.**

In reaching this conclusion, we reject Suck's and Smith's contention that the exception in subdivision 1(d) of the statute of repose is narrower than Monson's claim that Suck and Smith should be held liable because they did not install a handrail on the steps.  In support of this contention, Suck and Smith rely on this court's opinion in *Fisher v. County of Rock*, 580 N.W.2d 510 (Minn. App. 1998), *rev'd on other grounds*, 596 N.W.2d 646 (Minn. 1999).  In *Fisher*, the county built a guardrail along the side of a road in 1939 such that each end of the guardrail was exposed, "in compliance with the standards then in effect."  *See id.* at 511.  Decades later, a man was killed when his vehicle struck one end of the guardrail.  *See id.*  His heirs sued the county, claiming that the county negligently maintained the guardrail by not installing an extension on each end of the guardrail that sloped gradually to the ground.  *See id.*  The district court granted summary judgment to the county on the basis of the statute of repose, and this court affirmed on the ground that the plaintiff's claim was not within the exception.[3]  *Id.* at 512.  We reached that conclusion in part by parsing the language of the exception and reasoning that the plaintiff's claim did not allege "negligence in the maintenance,

---

[3]When *Fisher* was decided, the exception to the statute of repose was codified in subdivision 1(c).  *See* Minn. Stat. § 541.051, subd. (c) (1998).  The statutory language of the exception has remained unchanged since it was enacted in 1980.  *See* 1980 Minn. Laws ch. 518, § 2, at 595-96 (codified at Minn. Stat. § 541.051, subd. 1 (1980)).

8

operation or inspection of the real property improvement." *Id.* at 512. We expressly rejected the plaintiff's argument "that the term 'maintenance' in [the exception] should be broadly construed to include the duty to install guardrails." *Id.*

The district court in this case did not cite *Fisher*, but its order expresses essentially the same rationale. The district court stated that Suck's and Smith's "failure to add handrails to the stairway does not fit under the maintenance, operation, or inspection exception" in subdivision 1(d) because Monson's claims "are related to the absence of a handrail, not the general maintenance, operation, or inspection of the stairway." The district court's reasoning and the parties' appellate arguments raise the question whether *Fisher* still is good law after *Olmanson*.

The implication of *Fisher* is that the exception to the statue of repose is narrower than the common-law duty of an owner or possessor of real property to use reasonable care to protect the safety of persons who enter the property. *See* 580 N.W.2d at 511-12. But the supreme court's subsequent opinion in *Olmanson* is fairly clear in saying that the exception is not narrower than the common-law duty of an owner or possessor of real property. *See* 693 N.W.2d at 880-81. This principle is apparent from two parts of the *Olmanson* opinion. First, the supreme court noted Olmanson's argument that the statutory exception in subdivision 1(d) "preserves the common-law duty of reasonable care owed by landowners to entrants, as evidenced by the use of negligence terminology in the subdivision," and then stated, "We agree with Olmanson's interpretation of Minn. Stat. § 541.05." *Id.* at 880. The supreme court proceeded to discuss the contours of the common law and the duty to repair or warn of a dangerous condition. *Id.* at 880-81.

9

Second, the supreme court concluded its analysis of the issue by referring again to the common-law duty and then stating, "The statute of repose does not bar claims that this duty has been breached, because under the plain language of Minn. Stat. § 541.051, subd. 1[(d)], owners or other persons in possession retain their ordinary landowner liability for negligent maintenance, operation, and inspection of real property improvements." 693 N.W.2d at 881-82. In essence, the *Olmanson* court interpreted the exception in subdivision 1(d) to be coextensive with the common-law duty of reasonable care. *See id.* Furthermore, *Olmanson* is consistent with the supreme court's prior opinion in *Ocel v. City of Eagan*, 402 N.W.2d 531 (Minn. 1987), in which the supreme court stated rather broadly, "The intent of the exception appears to be . . . to leave undisturbed the limitation period for ordinary landowner's liability." *Id.* at 534.

The analysis in *Fisher* is inconsistent with the analysis in both *Olmanson* and *Ocel*. The district court in this case erred by analyzing Monson's negligent-maintenance claim in the same manner as *Fisher*. Since *Fisher*, the supreme court has clarified that the exception for negligent maintenance, operation, and inspection includes all recognized facets of the common-law duty of an owner or possessor of real property. The exception to the statute of repose may encompass the duty to repair the steps by installing a handrail, if such a duty is prescribed by the common law. In light of *Olmanson*, we conclude that the exception to the statute of repose applies to Monson's claim that Suck and Smith negligently failed to add a handrail to the steps of the deck. Thus, Monson's negligent-maintenance claim is not barred by the statute of repose.

## C.

Before concluding, we wish to be specific about the scope of this court's opinion and our remand.

First, we do not reach any conclusion or express any views as to whether Monson's claim is a viable claim, whether he has mustered sufficient evidence to support the claim if it is a viable claim, or whether the claim ultimately will be successful at trial if a trial is appropriate. We conclude only that the district court erred by reasoning that Monson's claim is barred by the statute of repose on the ground that the claim does not concern the maintenance, operation, or inspection of the steps of the deck. We reach that conclusion because *Olmanson* teaches that the statute of repose does not bar a claim that is based on the common-law duty of an owner or possessor of real property to use reasonable care to protect the safety of persons who enter the property. Whether Suck's and Smith's common-law duty extends as far as Monson has alleged, and whether Suck and Smith breached their common-law duty, are questions to be resolved in further proceedings. *See Aquila Inc.*, 718 N.W.2d at 886.

Second, we have not considered and do not resolve the alternative arguments that Suck and Smith presented to the district court in their motion for summary judgment. Specifically, Suck and Smith argued in the alternative that the dangerous condition of the steps was open and obvious, that Monson's claim is barred by the doctrine of primary assumption of the risk, and that the dangerous condition of the steps did not cause Monson's injuries. The district court did not need to address Suck's and Smith's alternative arguments because the district court decided that they are entitled to summary

11

judgment on the basis of the statute of repose. On appeal, Suck and Smith merely refer to their alternative arguments in their responsive appellate brief, suggesting that this court should affirm the district court's grant of summary judgment on one or more of those alternative grounds. Monson did not file a reply brief. Because the district court has not yet addressed Suck's and Smith's alternative arguments, and because the parties have not fully presented appellate arguments concerning those issues, we conclude that it is appropriate for this court to refrain from addressing the alternative arguments so that the district court may address them in the first instance in further proceedings. *See, e.g.*, *Gallagher v. BNSF Ry. Co.*, 829 N.W.2d 85, 95 (Minn. App. 2013).

## D E C I S I O N

The district court erred by granting summary judgment to Suck and Smith on Monson's negligent-maintenance claim on the basis of the statute of repose in section 541.051, subdivision 1(a), of the Minnesota Statutes. We reverse and remand to the district court for further proceedings not inconsistent with this opinion.

**Reversed and remanded.**