# Marine Midland Bank, N. A., Respondent-Appellant, v Joseph P. Carroll et al., Appellants-Respondents.

Third Department, January 19, 1984

APPEARANCES OF COUNSEL

*Lifset & Lifset* (*Marc J. Lifset* and *Frank K. Walsh* of counsel), for appellants-respondents.

*Richard J. Miller & Associates, P. C.* (*Eileen V. Turner* of counsel), for respondent-appellant.

OPINION OF THE COURT

CASEY, J.

Plaintiff, as assignee of Newcombe Cadillac-Pontiac, Inc. (Newcombe), sued defendants for $3,003.36, the deficiency due on a retail installment contract covering the sale of a 1976 Titan motor home by Newcombe to defendants in June, 1976. The chassis of the unit was manufactured by Chrysler and the motor home by Champion. Warranties were issued by both corporations. Admittedly, the Champion papers included a "Dealer's Pre-Delivery Inspection Requirements" form, which was signed by Newcombe's service manager, indicating that certain key parts in and attached to the vehicle had been inspected, tested and found to function as intended. Thereafter, problems involving the inspected items arose, such as an overheating radiator, improper closing of doors and windows, an inoperative refrigerator and the falling off of interior and exterior trim. Newcombe sent defendants to the Champion factory in Canastota, New York, and to several area car dealers to have the problems corrected, always with what defendants claim was an assurance that the warranties would cover the cost. At the time of the purchase, defendants lacked $2,380 on the total purchase price of $20,880, and executed a promissory note to Newcombe for $2,380 on June 17, 1976, in addition to the retail installment contract, and another promissory note to plaintiff in the same amount in August, 1976 following the assignment of the retail installment contract. After numerous payments to plaintiff, defendants defaulted on their obligations to both plaintiff and Newcombe. In April, 1979, Newcombe sued on its note and recovered a judgment by default on its motion for summary judgment. Upon defendants' default in payments in November, 1979, plaintiff, who had financed $13,000 of the original purchase price, sued for the balance of $10,607.08, repossessed the vehicle and sold it for $6,000 after notice to defendants. Refund credit for finance

charges and insurance premiums were credited to defendants' account, leaving the balance of $3,003.36, the amount sued upon here. The amended answer sets forth numerous affirmative defenses and counterclaims. Plaintiff moved to dismiss the first through eighth, tenth and eleventh affirmative defenses on the ground that they were meritless; the first, third, fourth and fifth counterclaims, claiming they were barred by the Statute of Limitations; and the sixth and ninth counterclaims for their failure to state a cause of action. Defendants cross-moved for partial summary judgment.

Special Term granted plaintiff's motion to dismiss the third, sixth, tenth and eleventh affirmative defenses and the third and sixth counterclaims, with leave to replead properly those defenses which asserted fraud and duress. The remainder of plaintiff's motion was denied, as was defendants' cross motion for partial summary judgment. Both parties herein appeal from so much of the determination as denied their relief sought.

The third affirmative defense and the third counterclaim allege a violation by plaintiff of the Magnuson-Moss Warranty Act (US Code, tit 15, § 2301 *et seq*.). We disagree with the conclusion of Special Term that "there appears to be no basis for the claims that the plaintiff or its assignor violated * * * [this] Act". The determinative question is whether the "Dealer's Pre-Delivery Inspection Requirements" form, completed and signed by Newcombe's service manager, constituted a "written warranty" within the meaning of the Federal act, although the form made no representation as to the future condition or performance of the items inspected and despite a disclaimer in the sales contract that the "seller makes no warranties, express or implied, and hereby disclaims all warranties * * * only the manufacturer shall be liable on a separate written new product warranty of the manufacturer". The inspection form was filled out, checked and signed on the day before the sale, and thus became "part of the basis of the bargain" (US Code, tit 15, § 2301, subd [6]). Under the act, a "written warranty" is defined as "any written affirmation of fact * * * made in connection with the sale of a consumer

product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free" (US Code, tit 15, § 2301, subd [6], par [A]).

We find that the inspection form herein constituted a "written warranty" under the act, since it represented that the motor home had been inspected and tested and was found to "perform, function, operate and/or serve exactly as intended". As to the disclaimer relied on by plaintiff, subdivision (a) of section 108 of the act provides, in pertinent part, that "[n]o supplier may disclaim or modify * * * any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer product (US Code, tit 15, § 2308, subd [a]). This provision effectively invalidates plaintiff's disclaimer. We, therefore, reverse that part of the order of Special Term based upon the conclusion that the Magnuson-Moss Warranty Act had no applicability to the transaction, and reinstate the third affirmative defense and the third counterclaim.

■ We agree, however, that Special Term properly dismissed defendants' claim that plaintiff or its assignor violated the Federal Fair Debt Collection Practices Act (US Code, tit 15, §§ 1692-1692o; see *Guggenheimer v Ginzburg,* 43 NY2d 268, 275). We further find that defendants have failed to demonstrate that plaintiff violated the Federal Truth in Lending Act (US Code, tit 15, § 1601 *et seq.*), as a matter of law, regarding Newcombe's failure to properly disclose its credit sale of group insurance to defendants, and that a factual question exists as to whether the failure of plaintiff to provide the required signatures so indicating was a "bona fide error" (US Code, tit 15, § 1640, subd [c]). Additionally, on plaintiff's motion, Special Term properly refused to dismiss defendants' first, third, fourth and fifth counterclaims as time barred. Even if time barred, such claims would be viable to the extent of the demand in the complaint (*Public Loan Co. v Hyde,* 47 NY2d 182, 185).

We have examined the additional arguments of the parties raised on this appeal and in regard thereto agree with the determination of Special Term.

The order should be modified, on the law, by reversing so much thereof as dismissed defendants' third affirmative defense and third counterclaim, and, as so modified, affirmed, without costs.

KANE, J. P., YESAWICH, JR., WEISS and LEVINE, JJ., concur.

Order modified, on the law, by reversing so much thereof as dismissed defendants' third affirmative defense and third counterclaim, and, as so modified, affirmed, without costs.